STATE v. REYNOLDS

[93 N.C. App. 552 (1989)]

---

STATE OF NORTH CAROLINA v. CLIFFORD CARLTON REYNOLDS

No. 8813SC829

(Filed 2 May 1989)

1. **Witnesses § 1— competence to testify—voir dire after testimony—no error**

    There was no prejudicial error in a prosecution for attempted first degree rape from allowing a ten-year-old witness to testify without first inquiring into her competence where the witness was correctly determined to be competent at a voir dire examination held after her testimony. The better practice would be to conduct the voir dire examination and determine competency prior to the witness's testimony.

2. **Witnesses § 1.2— ten-year-old witness—competency to distinguish truth from non-truth—no error**

    The trial court did not err in a prosecution for attempted first degree rape by finding that the ten-year-old prosecuting witness was competent to distinguish truth from non-truth where the witness's responses to the court's questions sufficiently supported the court's determination that she was competent to testify.

3. **Indictment and Warrant § 9.11— attempted rape—time of offense—summer of 1986—sufficient**

    The State complied with the requirements of N.C.G.S. § 15A-924(a)(4) (1988) in a prosecution for attempted first degree

rape by stating that the offense occurred during the summer of 1986.

4. **Rape and Allied Offenses § 18.1— attempted first degree rape —irrelevant evidence—no prejudice**

There was no prejudice in a prosecution for attempted first degree rape from the trial court's failure to strike portions of testimony which were non-responsive and irrelevant and admitting testimony from the prosecuting witness's mother that she had taken her daughter to the doctor during August of 1986 for stomach problems.

5. **Witnesses § 1.2— competency of eleven-year-old witness—no error**

The trial court did not err in a prosecution for attempted rape by permitting the prosecuting witness's eleven-year-old cousin to testify even though the trial judge did not question the witness himself where her responses to the prosecutor's questions provided sufficient evidence to support the implicit finding that she was competent to testify.

6. **Rape and Allied Offenses § 18.1— attempted rape—questioning of prosecutrix's cousin—relevant**

The trial court did not err in a prosecution for the attempted rape of a nine-year-old child by asking the prosecutrix's cousin whether she had ever stayed with defendant by herself where the testimony was relevant to rebut the suggestion made by questions posed earlier by defense counsel that the witness and her mother did not fear the defendant.

7. **Criminal Law § 89.4— attempted rape of nine-year-old child— prior inconsistent statement admitted—no error**

The trial court did not err in a prosecution for the attempted rape of nine-year-old child by allowing the investigating detective to read the statement he took from the prosecuting witness into evidence at trial even though it contained additional information beyond her testimony because the detective's testimony merely corroborated that of the prosecuting witness. Although the detective's account contained additional information, it bolstered the witness's credibility and added weight to her testimony and was admissible as corroborative evidence.

**8. Criminal Law § 73.5 — attempted rape of nine-year-old child — testimony of examining physician — statements made to him by victim and her mother**

The trial court did not err in a prosecution for the attempted rape of a nine-year-old child by allowing the physician who examined the prosecuting witness nearly a year after the incident to testify as to statements made to him by the girl and her mother. Defendant's contention that the statements were not necessary for purposes of medical treatment was rejected.

**9. Rape and Allied Offenses § 18.2 — attempted first degree rape of nine-year-old child — evidence sufficient**

The evidence was sufficient to submit the charge of attempted first degree rape of a nine-year-old child to the jury where the prosecuting witness testified that defendant removed her clothing and put her on top of him, that she could feel something between her legs, and that defendant let her go only when her aunt drove into the driveway.

APPEAL by defendant from *Clark, Giles R., Judge.* Judgment entered 13 April 1988 in COLUMBUS County Superior Court. Heard in the Court of Appeals 20 March 1989.

Defendant was found guilty in a jury trial of attempted first degree rape and was sentenced to the presumptive term of six years' imprisonment. The prosecuting witness, who was nine years old at the time of the alleged offense and ten years old when the trial occurred, testified that during a previous summer she had spent a Friday night with her cousin. The cousin and her mother lived with defendant. The following morning she and her cousin went into the garage to play when defendant called the prosecuting witness' name. Both girls ran out of the garage, apparently frightened because the defendant had been drinking, but the prosecuting witness tripped and fell. Defendant picked her up and carried her back into the garage, where he removed her clothing and then his own. She testified that he then lay down and put her on top of him, and that she could feel something moving between her legs where her "cooter" was. She explained that her "cooter" was what "I pee out of." She also stated that she did not feel anything inside of her "cooter."

STATE v. REYNOLDS

[93 N.C. App. 552 (1989)]

Defendant objected to the introduction of this testimony on the basis that the trial court made no inquiry into the child's competence to testify, but these objections were overruled. During cross-examination the trial court conducted a *voir dire* examination of the prosecuting witness outside the jury's presence and found her to be competent to testify. Portions of this examination appear as follows:

Q. And do you know when something—when you're telling the truth and do you know when you're telling a lie?

A. (NO ANSWER.)

Q. Do you know that?

A. Yes, sir.

Q. Do you know what happens if you don't tell the truth . . .?

A. (NO ANSWER.)

Q. You put your hand on the Bible there, and you say, "I swear I'll tell the truth," and you don't do it, do you know what happens then?

A. (PAUSE.) Yes, sir.

Q. What would happen then?

A. I'd go to the Devil.

Q. You'd go to the Devil. All right. Now, do you understand and know that—how important it is for you to tell the truth in this—at this time?

A. Yes, sir.

Q. And you know that it would be a bad thing for you not to do that?

A. (NODS HEAD UP AND DOWN.)

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard L. Griffin, for the State.*

*T. Craig Wright for defendant-appellant.*

WELLS, Judge.

[1]   Defendant assigns error to the trial court's denial of its request for an inquiry into the prosecuting witness' competence to testify and in allowing her to testify without first determining her to be capable of distinguishing truth from non-truth. N.C. Gen. Stat. § 8C-1, Rule 601 of the North Carolina Rules of Evidence provides:

> (a) *General rule.* — Every person is competent to be a witness except as otherwise provided in these rules.

> (b) *Disqualification of witness in general.* — A person is disqualified to testify as a witness when the court determines that he is (1) incapable of expressing himself concerning the matter as to be understood, either directly or through interpretation by one who can understand him, or (2) incapable of understanding the duty of a witness to tell the truth.

A court "may resort to any examination which will tend to disclose [the proposed witness'] capacity and intelligence as well as his understanding of the obligations of an oath." *State v. Thomas*, 296 N.C. 236, 250 S.E. 2d 204 (1978) (*quoting Wheeler v. United States*, 159 U.S. 523 (1895)).

The statement that "[c]ompetency is to be determined at the time the witness is called to testify" appears a number of times in the North Carolina case law, *see, e.g., Artesani v. Gritton*, 252 N.C. 463, 113 S.E. 2d 895 (1960), but no prior decision addresses the question of whether this means that the examination must occur before the witness testifies. The trial court made clear in the present case prior to its *voir dire* examination that the prosecuting witness "certainly has testified in a fashion that the Court finds would indicate without question that she is capable of expressing herself." An accurate determination of a child's competency to testify emanating from his moral sensitivity "can be made by the trial judge through his personal observation while the child is being questioned." *State v. Harvell*, 45 N.C. App. 243, 262 S.E. 2d 850, *disc. rev. denied and appeal dismissed*, 300 N.C. 200, 269 S.E. 2d 626 (1980).

Following its *voir dire* examination, the trial court found that the witness was capable of understanding her duty to tell the truth. The record clearly supports this determination. Although the better practice would be to conduct the *voir dire* examination

and determine competency prior to the witness' testimony, in order to avoid possible mistrial or prejudice from the admission of testimony by a witness later found incompetent, we hold that this witness having been correctly determined to be competent during her testimony, the timing of the competency finding was not prejudicial error. We overrule this assignment of error.

[2] Defendant also assigns error to the trial court's finding that the prosecuting witness was competent to distinguish truth from non-truth. The trial court questioned the witness regarding her knowledge of the difference between truth and non-truth and the consequences of lying under oath. Her responses sufficiently support the trial court's determination that she was competent to testify. *See State v. Thomas, supra.* We overrule this assignment of error.

[3] Defendant next assigns error to the failure to establish a specific time during which the offense occurred; evidence presented at trial indicated only that it took place during the summer of 1986. The State is not required to establish a specific date; however, in its criminal pleading the State must only provide a statement of the approximate date or *period of time* during which the alleged offense occurred. N.C. Gen. Stat. § 15A-924(a)(4) (1988). We hold that the State complied with the statutory requirement by stating the period of time during which the alleged offense occurred: the summer of 1986. We overrule this assignment of error.

[4] Defendant next assigns error to the trial court's failure to strike portions of testimony on the ground that they were nonresponsive. When asked whether she had known if anyone was in the garage when she first went inside it, the prosecuting witness replied, "[w]e didn't know if anybody was in there or not, because Clifford never did come home that night." Although we agree that the latter portion of this statement was irrelevant, its admission was not so prejudicial as to constitute reversible error. Likewise, the prosecuting witness' mother's testimony that she had taken her daughter to the doctor during August 1986 for stomach problems, her complaints of which continued for two or three months, did not so unfairly prejudice defendant that a different result would have been reached at trial had the evidence been excluded. N.C. Gen. Stat. § 15A-1443(a) (1988). We overrule this assignment of error.

[5] Defendant next assigns error to the trial court's permitting the prosecuting witness' eleven-year-old cousin to testify. The

prosecuting attorney asked this witness whether she knew the difference between truth and non-truth and whether she understood that she had to tell the truth. Although the trial judge did not question the witness himself, her responses to the prosecutor's questions provided sufficient evidence to support the trial court's implicit finding that she was competent to testify. *See State v. Gordon*, 316 N.C. 497, 342 S.E. 2d 509 (1986). We overrule this assignment of error.

[6] Defendant also assigns error to the trial court for overruling its objection to the following question, asked of the prosecuting witness' cousin by the prosecuting attorney during redirect: "[y]ou don't ever stay with Clifford by yourself, though, do you?" Defendant contends that this question was irrelevant and highly prejudicial. This testimony was relevant to rebut the suggestion made by questions posed earlier by defense counsel that the witness and her mother did not fear the defendant.

[7] In another argument defendant contends that the trial court erred in allowing the investigating detective to read the statement he took from the prosecuting witness into evidence at trial, because it was inconsistent with her own prior testimony. The written statement included the victim's prior declaration that defendant "put his thing in me" and told her that "he was going to get me pregnant, and that if I told anyone what had happened, that he would hurt me." Defendant contends that this statement was inadmissible hearsay. We disagree.

"[I]f a prior statement of the witness, offered in corroboration of his testimony at the trial, contains additional evidence going beyond his testimony, the State is not entitled to introduce the 'new' evidence under a claim of corroboration." *State v. Warren*, 289 N.C. 551, 223 S.E. 2d 317 (1976). The court in *Warren* granted the defendant a new trial where a law enforcement agent testified that a witness told him that the defendant stated that he planned to rob and kill the victim, because the witness himself testified that the defendant said he only planned to rob the victim. The agent's testimony went far beyond corroboration, the court held; it flatly contradicted that of the witness.

In *State v. Ramey*, 318 N.C. 457, 349 S.E. 2d 566 (1986), however, the Court held that a statement is corroborative even though it contains information additional to the witness' testimony in court, so long as it tends to add weight or credibility to that testimony.

We hold that the detective's testimony merely corroborated that of the prosecuting witness; although his account contained additional information, it bolstered her credibility and added weight to her testimony. The statement was admissible to corroborate the prosecuting witness' prior testimony. We overrule this assignment of error.

[8] Defendant also assigns error to the trial court for allowing the physician who examined the prosecuting witness to testify to statements made to him by the girl and her mother. He testified that he was given a history that a Clifford Reynolds "took her clothes off and inserted his penis more than one time into the vaginal area. And she stated that he threatened to hurt her if she told anyone . . . ." Defendant contends that these statements are inadmissible hearsay because they were not necessary for purposes of medical treatment. The incident was brought to light in April 1987 and the examination occurred on 27 May 1987, almost a year after the incident took place. Trial commenced on 12 April 1988.

We hold that the trial court did not err in admitting this testimony, for the statements were made for purposes of medical diagnosis and treatment. Statements as to the perpetrator's identity in a child sexual abuse case are pertinent to diagnosis of any resulting psychological problems. *State v. Aguallo*, 318 N.C. 590, 350 S.E. 2d 76 (1986). Apart from their pertinence to diagnosis, these statements were pertinent to medical treatment as well, given the nature of the perpetrator's relationship to the victim's aunt and cousin. Although the child did not reside in the defendant's home, she spent the night there with her cousin and the information would be reasonably pertinent to a course of treatment that included advising her not to return to the defendant's home. *See Aguallo, supra.*

The remaining portions of the statements were relevant to providing the physician with information needed to properly examine the victim to determine whether a rape had occurred. They "suggested to Dr. [Thigpen] the nature of the problem, which, in turn, dictated the type of examination [he] performed for diagnostic purposes." *Id.*

In addition, these statements meet the two-pronged confrontation clause test, for their introduction was necessary in order to show that the victim had sought medical treatment for sexual

abuse, and such statements, when made for the purpose of diagnosis or treatment, have circumstantial guarantees of trustworthiness. *State v. Gregory*, 78 N.C. App. 565, 338 S.E. 2d 110 (1985), *disc. rev. denied and appeal dismissed*, 316 N.C. 382, 342 S.E. 2d 901 (1986). We overrule this assignment of error.

[9] Defendant also contends that the evidence was insufficient to submit the charge of attempted first degree rape to the jury. The standard for evaluating the sufficiency of the evidence on a motion to dismiss is whether, considered in the light most favorable to the State, there was substantial evidence of each element of the offense charged. *State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984).

> In order to prove attempted first degree rape under the circumstances of this case, the State must show that the victim was twelve years old or less, that the defendant was at least twelve years old and at least four years older than the victim, that the defendant had the intent to engage in vaginal intercourse with the victim, and that the defendant committed an act that goes beyond mere preparation but falls short of actual commission of intercourse.

*Gregory, supra.*

The prosecuting witness testified that defendant removed her clothing, put her on top of him, and that she could feel something moving between her legs. Defendant let her go only when her aunt, the woman with whom he lived, drove into the driveway. We hold that the trial court correctly determined that the State met its burden of presenting substantial evidence on each element of the offense.

We have examined defendant's remaining assignments of error, find them to have no merit, and overrule them.

No error.

Chief Judge HEDRICK and Judge EAGLES concur.