STATE OF NORTH CAROLINA v. NICKY JAY HAMMOND, Defendant

No. 9226SC524

(Filed 2 November 1993)

1. **Criminal Law § 305 (NCI4th)— separate offenses—same defendant, victim, and circumstances—joinder proper**

    The trial court did not err in ruling that the charges of taking indecent liberties with a child and first-degree sexual offense could properly be joined for trial, since an adequate transactional connection existed in that the charges involved the same defendant, the same victim, and the same surrounding circumstances. N.C.G.S. § 15A-926(a).

    **Am Jur 2d, Actions § 159.5; Criminal Law § 20.**

2. **Rape and Allied Offenses § 86 (NCI4th)— time of offenses— testimony sufficient**

    In a prosecution of defendant for attempted first-degree rape, first-degree sexual offense, and taking indecent liberties with a child, the trial court properly denied defendant's motion to dismiss the charges made on the ground that the indictments and testimony were not sufficiently specific as to when the offenses occurred, since the minor child testified that the

STATE v. HAMMOND

[112 N.C. App. 454 (1993)]

sexual acts committed by defendant occurred when she was in kindergarten, and this testimony established with some certainty the time frame during which the offenses occurred. N.C.G.S. § 15A-924(a)(4).

**Am Jur 2d, Rape §§ 88, 89.**

3. **Evidence and Witnesses § 2332 (NCI4th) — characteristics of sexually abused children — victim exhibiting characteristics — no expression of opinion on child's truthfulness — expert opinion admissible**

The trial court did not err in allowing an expert witness to discuss the symptoms and characteristics of sexually abused children and to express, in her expert opinion, whether the minor child exhibited such characteristics, and this testimony was not an improper opinion as to the child's truthfulness.

**Am Jur 2d, Expert and Opinion Evidence §§ 211, 214, 217, 220.**

4. **Evidence and Witnesses § 962 (NCI4th) — sexual abuse victim — picture drawn by child — counselor's testimony — admission under medical diagnosis and treatment exception to hearsay rule**

In a prosecution of defendant for attempted first-degree rape, first-degree sexual offense, and taking indecent liberties with a child, the trial court did not err by allowing a victim's assistance counselor to testify regarding a picture drawn by the minor child and by allowing the picture which had been labeled by the counselor into evidence, since the counselor's testimony and the picture on which the counselor had written the child's description of the drawing were properly allowed under the medical diagnosis and treatment exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 803(4).

**Am Jur 2d, Evidence §§ 718, 719.**

Appeal by defendant from judgments entered 18 December 1991 by Judge Forrest A. Ferrell in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 April 1993.

*Lacy H. Thornburg, Attorney General, by Special Deputy Attorney General W. Dale Talbert, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Anne Nicholson Hogewood, for defendant-appellant.*

JOHNSON, Judge.

Defendant Nicky Jay Hammond was indicted on 31 December 1990 for attempted first degree rape, first degree sexual offense, and taking indecent liberties with a child. The State filed a motion for joinder of these three offenses on 16 December 1991, which was granted. State's evidence tended to show the following: The minor child who is the subject of the charges against defendant lived with her mother, Felicia Sims, her younger brother and her father, defendant. The minor child first talked about this sexual abuse which was performed by the defendant while she was riding in a car with her aunt (her mother's half sister), Angela Mosier, on 5 October 1990. The minor child and her aunt were driving to pick up the minor child's mother from work. Mosier testified the minor child told her that defendant touched her private parts, and that defendant "would stick his thing in her butt, and . . . would use Vaseline" on both of them.

In response to these statements, Mosier and the minor child's mother went home and called the police. After they and the minor child were interviewed by the police, they took the minor child to the hospital to be examined.

Dr. Gary M. Howchins examined the minor child at the hospital. As a result of this examination, Dr. Howchins found no evidence of any general abuse, or forcible entry of the rectum, or tears or bleeding of the minor child's rectal or vaginal area. Dr. Howchins noted the vaginal lips were open, and that ordinarily in a young child, these lips stayed closed.

The minor child testified at trial that defendant would wait until everyone was asleep, then wake her and make her engage in sexual acts with him. She said defendant touched her on "[t]he back and front . . . of [her] private parts" and "[her] mouth." She was given anatomical drawings of a female child and a male adult to illustrate her testimony. She identified the appropriate areas on the drawings as private parts, and noted that defendant would stick his private part in her mouth and "make me suck the pee. Sometimes I get choke [sic]." The sexual acts were alleged to have taken place over a ten month period from January 1990 to September 1990.

Linda Ellis, a counselor who performs investigations for the Victim Assistance Rape Crisis Program, testified about her interac-

tions with the minor child from 22 October 1990 to 30 April 1991. At one session, Ms. Ellis asked the minor child to draw and then explain a picture of what defendant had done to her. The minor child drew a picture of herself, crying, on top of the defendant, who was smiling because he "gets to do what he wants."

Patricia Mauney, a therapist for the Mecklenburg County Center for Mental Health, testified the minor child was involved in individual and group therapy with four to five other children ranging in age from six to eleven. Ms. Mauney's evaluation was that the minor child had a tendency to engage in sexual play with other children and had an age-inappropriate knowledge of sexual behavior. Ms. Mauney also testified the minor child exhibited low self esteem, anger, tearfulness, shame and hiding, depression, nightmares, and had delayed reporting the child abuse. In her expert opinion, Ms. Mauney testified all of these symptoms taken together suggested a very high probability that the minor child had been sexually abused.

Patricia Lampkin, the minor child's foster mother, testified about an incident she observed involving the minor child and her younger brother. Ms. Lampkin saw the younger brother on top of the minor child in a bedroom one afternoon; both children had their pants down, and their private parts were touching. Ms. Lampkin testified she asked the minor child why she was doing that, and that she said she was doing it because that is what her daddy did to her.

Angela Mosier testified that she and the minor child's mother took the minor child to the hospital on 5 October 1990 to have her examined. Ms. Mosier, on cross-examination, acknowledged she did not like defendant, and that she had tried on more than one occasion to get her half sister to separate from defendant.

The State also presented testimony from Felicia Sims, the minor child's mother; Anne Dodd from Mecklenburg County Youth and Family Services; and Jean Hall, a protective service investigator for the Department of Social Services.

Defendant testified on his own behalf, and denied these charges which were filed against him. Defendant further testified that he and Angela Mosier did not get along; that he and Felicia Sims had dated for almost ten years and had three children, one of whom was the minor child; that during the time he lived with Felicia Sims, the minor child came into their bedroom and observed

him having sexual intercourse with Felicia Sims; and that the minor child had been exposed to male sexual organs because she had observed the boys next door urinating in the front yard. Defendant admitted to being convicted of assault on an officer on 23 June 1991. On cross-examination, defendant also acknowledged a similar conviction on 23 February 1988, a 1988 charge for obstructing an officer, and various other charges occurring from 1988 to 1991.

Mimi O. Whitler testified for defendant. Ms. Whitler testified that she babysat the minor child for defendant and Felicia Sims and that on one occasion, she entered a bedroom and observed the minor child on the bed on top of a little boy. Defendant's mother, brother, sister, and a neighbor, Shirley Robinson, also testified on his behalf.

Defendant was found guilty of first degree sexual offense and of taking indecent liberties with a child. From these judgments, defendant appealed to our Court.

[1] Defendant first argues the trial court abused its discretion by allowing the charges against defendant to be joined for trial. Defendant asserts that because the State could not identify the specific dates of the charges, the State could not join these charges as being closely connected in time, place and occasion.

North Carolina General Statutes § 15A-926(a) (1988) states in pertinent part: "Joinder of Offenses.—Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." Our Supreme Court has held:

[I]n deciding whether two or more offenses should be joined for trial, the trial court must determine whether the offenses are '*so separate in time and place* and *so distinct in circumstances* as to render the consolidation unjust and prejudicial to defendant.' (Citation omitted.) Thus, there must be some type of 'transactional connection' between the offenses before they may be consolidated for trial. (Citation omitted.) In addition, the trial judge's exercise of discretion in consolidating charges will not be disturbed on appeal absent a showing that the defendant has been denied a fair trial by the order of consolidation. (Citations omitted.)

*State v. Oxendine*, 303 N.C. 235, 240, 278 S.E.2d 200, 203 (1981) (emphasis in original). The circumstances of the particular case must be considered in determining whether to grant a motion for joinder. *State v. Boykin*, 307 N.C. 87, 296 S.E.2d 258 (1982).

We find the trial judge did not err in ruling that the charges of taking indecent liberties with a child and first degree sexual offense could properly be joined, as we find an adequate "transactional connection" exists in that these charges involved the same defendant, the same victim, and the same surrounding circumstances. (*See State v. Swann*, 322 N.C. 666, 370 S.E.2d 533 (1988), where our Supreme Court upheld the joinder of two charges of first degree sexual offense and two charges of taking indecent liberties with a child between the same defendant and the same victim on more than one occasion.) We find no abuse of discretion by the trial judge as to this ruling.

[2]  Defendant next argues the trial court erred by denying defendant's motion to dismiss where the indictments and the testimony presented were insufficient for defendant to effectively defend against the charges. Defendant claims "[a] more specific date was necessary for defendant to adequately prepare his defense. . . . Without a more specific date or dates, defendant was unable to offer an alibi for a nine month period or to offer proof that someone else around the child for a specific period may have committed the offenses."

North Carolina General Statutes § 15A-924(a)(4) (Cum. Supp. 1992) states a criminal pleading must contain:

> A statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date, or during a designated period of time. Error as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the charge and the error or omission did not mislead the defendant to his prejudice.

In *State v. Reynolds*, 93 N.C. App. 552, 378 S.E.2d 557 (1989), the defendant was found guilty of attempted first degree rape of a nine year old child. The State could not establish the specific time the offense occurred, only that it took place during the summer of 1986. Our Court held, pursuant to North Carolina General Statutes § 15A-924(a)(4), "[t]he State is not required to establish a specific date; . . . the State must only provide a statement of the approx-

imate date or *period of time* during which the alleged offense occurred." *Reynolds*, 93 N.C. App. at 557, 378 S.E.2d at 560. (Emphasis in original.) Further, our Supreme Court has also considered the difficulty of young children attempting to identify exact dates crimes may have occurred. *E.g.*, *State v. Effler*, 309 N.C. 742, 309 S.E.2d 203 (1983).

In the case *sub judice*, the minor child testified that the sexual acts committed by defendant occurred when she was in kindergarten. This established with some certainty the time frame during which the offenses occurred. We find defendant's motion to dismiss the indictment was properly denied.

Defendant further argues the trial court erred by allowing testimony of prior uncharged acts allegedly committed by defendant. Specifically, defendant argues that on re-direct examination, Felicia Sims improperly testified that her husband "beat [her] all the time." Defendant argues that this "is highly inflammatory and was overly prejudicial." We have reviewed the transcript of this re-direct examination which took place, and we find that Ms. Sims was only explaining the testimony she gave during cross-examination. No error.

[3] Defendant next argues the trial court erred by allowing a therapist to testify regarding the minor child's truthfulness. Specifically, defendant refers to the following colloquy between the district attorney and Patricia Mauney:

Q. Ms. Mauney, based upon your training and experience, do you have an opinion whether the things that you've just listed for me—the sexual play, age inappropriate knowledge, low self esteem, the anger, tearfulness, shame and hiding, depression, nightmares, delayed reporting, and the feeling of responsibility for the abuse, are consistent with a child who has been sexually abused?

MS. BROOKS: Objection, Your Honor.

COURT: Overruled.

A. Yes. I do have an opinion.

Q. And what is your opinion?

A. I think none of these symptoms by itself is a total indication that sexual abuse is present, but I think with the clustering

of these symptoms that [the minor child] showed, that there is a very high probability that she had been sexually abused.

Defendant asserts that this testimony "is in essence that [the minor child] is telling the truth." We disagree.

North Carolina General Statutes § 8C-1, Rule 702 (1992) states "[i]f . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." The record indicates that Ms. Mauney, a therapist at the Mecklenburg County Center for Mental Health, was properly qualified as an expert witness, and therefore, it was proper for her to discuss the symptoms and characteristics of sexually abused children and to express, in her expert opinion, whether the minor child exhibited similar characteristics. *See State v. Kennedy*, 320 N.C. 20, 357 S.E.2d 359 (1987). We find this testimony was admissible expert opinion testimony, and we overrule this assignment of error.

[4] Lastly, we address defendant's final two arguments. Defendant contends the trial court erred by allowing a counselor to testify regarding a picture drawn by the minor child and by allowing the picture, which had been "altered and labeled" by the counselor, into evidence. Specifically, defendant objects to the testimony of Linda Ellis, a counselor for the Victim's Assistance Program, as to a crayon picture drawn by the minor child.

During a therapy session, Ms. Ellis asked the minor child to describe the drawing to her, and Ms. Ellis recorded the minor child's responses directly on the drawing. Defendant argues that this is inadmissible hearsay. We disagree. We find Ms. Ellis' testimony and the admittance of the drawing into evidence by the trial judge was properly allowed as a hearsay exception, namely, North Carolina General Statutes § 8C-1, Rule 803(4) (1992):

> Statements for Purposes of Medical Diagnosis or Treatment.— Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

As a counselor for the Victim's Assistance Program, Ms. Ellis properly could make notations as to the minor child's statements con-

cerning the various parts of the drawing which the minor child herself drew. The recordation of these comments for future analysis and medical discussion directly pertained to diagnosis or treatment relating to the minor child, and was not improper. We overrule this assignment of error.

We find that defendant received a fair trial free from prejudicial error.

Judges ORR and McCRODDEN concur.