STATE OF NORTH CAROLINA v. COLBY SCOTT HUGHES

No. 9330SC659

(Filed 17 May 1994)

**1. Criminal Law § 1179 (NCI4th) — aggravating factor — position of trust or confidence — improper for incest — proper for indecent liberties**

Since it was necessary for the State to prove the parent-child relationship as an element of the crime of felonious incest, the trial court could not use the evidence of this relationship to find the aggravating factor that defendant took advantage of a position of trust or confidence to commit incest. However, a parental or familial relationship is not an element of the crime of taking indecent liberties with a child, and the trial court properly found the position of trust or confidence aggravating factor for such crime.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**2. Rape and Allied Sexual Offenses § 132 (NCI4th) — indecent liberties — sexual offense — use of disjunctive in instructions**

The trial court did not err in the use of the disjunctive in its instructions that an indecent liberty "is an immoral, improper and indecent touching by the defendant of the child *or* inducement by the defendant of an immoral or indecent touching by the child" and that a sexual act means "fellatio . . . *and/or* any penetration, however slight, by any object into the genital opening of a person's body."

**Am Jur 2d, Rape §§ 108 et seq.**

**3. Rape and Allied Sexual Offenses § 166 (NCI4th) — sexual offense — instructions — alternative acts — one act not supported by evidence**

The trial court erred by instructing the jury that it could base a conviction of sexual offense on either fellatio or penetra-

tion by an object since there was no evidence of penetration
by an object where the victim testified only that defendant
put his finger "on [her] private," and it was clear from other
testimony by the victim that she did not confuse the words
"on" and "in."

Am Jur 2d, Rape §§ 108 et seq.

4. **Evidence and Witnesses § 2342 (NCI4th)— victim suffering
from PTSD—relevancy—failure to give limiting instruction**

A sexual abuse therapist's testimony that a rape, sexual
offense and indecent liberties victim suffered from post
traumatic stress disorder was relevant to explain the victim's
delay in reporting the offenses. However, the trial court erred
by failing to limit the jury's consideration of this testimony
to corroborative purposes, but this error was not prejudicial
since there is no reasonable possibility that, had a limiting
instruction been given, a different result would have been
reached at trial.

Am Jur 2d, Expert and Opinion Evidence § 244.

Admissibility, at criminal prosecution, of expert testimony
on rape trauma syndrome. 42 ALR4th 879.

5. **Evidence and Witnesses § 2332 (NCI4th)— expert testimony—
characteristics of sexually abused children—victim's similar
characteristics**

A pediatrician was properly permitted to testify about
the characteristics of sexually abused children and to state
that her findings with regard to the alleged victim "were
strongly suggestive of possible sexual abuse."

Am Jur 2d, Expert and Opinion Evidence § 244.

6. **Evidence and Witnesses § 961 (NCI4th)— victim's statement
to pediatrician—hearsay—medical diagnosis and treatment
exception**

A pediatrician's testimony that she asked an alleged rape,
sexual offense and indecent liberties victim if anyone had
touched her in a way that she did not like and that the victim
replied that her father had was admissible under the medical
diagnosis and treatment exception to the hearsay rule where
the pediatrician examined the victim for possible sexual abuse.

Am Jur 2d, Federal Rules of Evidence § 232.

**Admissibility of statements made for purposes of medical diagnosis or treatment as hearsay exception under Rule 803(4) of the Federal Rules of Evidence. 55 ALR Fed 689.**

Appeal by defendant from judgments and commitments entered 29 January 1993 by Judge Robert W. Kirby in Macon County Superior Court. Heard in the Court of Appeals 8 March 1994.

*Michael F. Easley, Attorney General, by Hal F. Askins, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for defendant-appellant.*

LEWIS, Judge.

Defendant was convicted after a jury trial of first-degree rape, first-degree sexual offense, felonious incest, and indecent liberties with a child. Defendant was sentenced to the maximum term for each conviction. From the judgments and commitments, defendant appeals, assigning error to both his trial and sentencing.

The State's evidence tended to show the following: On one afternoon in 1991, after defendant and his wife had separated, defendant's daughter, C., and her brother and sister were visiting defendant at his residence. While her brother and sister were outside playing, C., age nine at trial, was taking a nap on her father's bed. Defendant came into the bedroom from the bathroom wearing only his underwear. Defendant then engaged in various sexual acts with C. against her will, including putting his finger "on [her] private," putting his penis in her mouth, and putting his penis "on [her] private." C. testified that defendant had engaged in these acts, as well as engaging in sexual intercourse, with her at other times over the past several years. In addition, C. had engaged in sexual acts with her brother on many occasions. C.'s mother testified that on one occasion she observed such behavior between C. and her brother. Thereafter, in August of 1991, both C. and her brother began seeing Maggie Seehof, a sexual abuse therapist. In February of 1992, C. first told Ms. Seehof of the abuse by her father. Ms. Seehof then reported the suspected abuse to the Department of Social Services. Both Ms. Seehof and social worker Lisa Davis testified for the State. In addition, the State presented the testimony of Dr. Jennifer Brown, a pediatrician, who examined C. in September

of 1991 for possible sexual abuse. Dr. Brown examined C. a second time in February of 1992.

We first address defendant's arguments regarding sentencing. The trial court found, as the sole factor in aggravation of the incest and indecent liberties convictions, that defendant took advantage of a position of trust or confidence in order to commit the offenses. See N.C.G.S. § 15A-1340.4(a)(1)(n) (1988). Defendant contends that these findings were error. As to the incest conviction, we agree.

[1] Evidence necessary to prove an element of an offense may not be used to prove a factor in aggravation. § 15A-1340.4(a). The crime of felonious incest has as an element that the defendant and the other participant be related in one of three enumerated familial ways, including parent-child. See N.C.G.S. § 14-178 (1993). Thus, to prove one element of the offense in the case at hand, it was necessary to establish the parent-child relationship. The trial court then used the evidence of this relationship to find that defendant took advantage of a position of trust or confidence. This was error, and the conviction for incest must therefore be remanded for a new sentencing hearing. State v. Ahearn, 307 N.C. 584, 602, 300 S.E.2d 689, 701 (1983).

Defendant also argues that abuse of a position of trust is inherent in the crime of taking indecent liberties, and that, therefore, the trial court erred in finding the position of trust factor in aggravation. This Court rejected the same argument in State v. Caldwell, 85 N.C. App. 713, 355 S.E.2d 813 (1987). Accordingly, we find no merit to defendant's contention.

[2] Defendant next argues that the trial court erred in instructing the jury on the offenses of indecent liberties and sexual offense. As to indecent liberties, the court instructed: "An indecent liberty is an immoral, improper and indecent touching by the defendant upon the child or inducement by the defendant of an immoral or indecent touching by the child." (Emphasis added). As to the sexual act element of sexual offense, the court instructed: "A sexual act means fellatio . . . and/or any penetration, however slight, by any object into the genital opening of a person's body." (Emphasis added). For each offense, the jury returned a general verdict of guilty, without specifying upon which theory or theories it relied.

STATE v. HUGHES

[114 N.C. App. 742 (1994)]

Defendant argues that the use of the disjunctive in each instruction permitted the possibility of a divided jury on the issue of which indecent liberty and which sexual act defendant in fact committed, thereby denying him the right to a unanimous verdict. As defendant concedes in his brief, this argument was specifically rejected by our Supreme Court in *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990). However, defendant argues, and we agree, that the instruction on sexual offense in the instant case was improper for another reason.

[3] The trial court instructed that the jury could find the defendant guilty of first-degree sexual offense upon finding, *inter alia*, that defendant committed a sexual act. As noted above, sexual act was defined as "fellatio . . . and/or any penetration, however slight, by any object into the genital opening of a person's body." A careful examination of the record reveals that there was no evidence of penetration by an object. C. testified that defendant put his finger "on [her] private." The prosecutor then asked, "Put it where?", and C. again stated, "On [her] private." C.'s subsequent testimony showed that she did not confuse the words "on" and "in," as she stated that defendant put his penis "on [her] private and sometimes he put it . . . in [her] private." We note that the penetration by the penis satisfied the penetration element of first-degree rape, but not the penetration element of first-degree sexual offense. On cross-examination, C. was asked, "So, he never did put his finger in your private?", and C. responded, "No." Thus, there was no evidence of any penetration which would support the sexual offense instruction on penetration by an object. Because there was no evidence of penetration by an object, the trial court erred in instructing that the jury could base a conviction of sexual offense on either fellatio or penetration by an object. Where the trial court instructs on alternative theories, one of which is not supported by the evidence and the other which is, and it cannot be discerned from the record upon which theory or theories the jury relied in arriving at its verdict, the error entitles defendant to a new trial. *State v. Lynch*, 327 N.C. 210, 219, 393 S.E.2d 811, 816 (1990). We are required, we believe, to order a new trial on the charge of first-degree sexual offense.

[4] Defendant's remaining contentions on appeal relate to the admissibility of certain testimony of the State's expert witnesses. First, defendant contends that the trial court erred in allowing Ms. Seehof, the therapist who treated C. and her brother, to testify

that C. suffered from post-traumatic stress disorder (hereinafter "PTSD"), and in not limiting the admissibility of such testimony.

In arguing that the testimony was inadmissible, defendant contends that the expert's opinion was not helpful to the jury, as required by Rule 702 of the Rules of Evidence. We disagree. One way in which expert testimony regarding PTSD can be helpful to the jury is when it tends to explain the victim's delays in reporting the offenses. *State v. Hall*, 330 N.C. 808, 822, 412 S.E.2d 883, 891 (1992). In the present case, the victim delayed reporting the offenses for several years. Thus, the expert testimony tended to help explain to the jury the cause of this delay. Accordingly, defendant's contention that the evidence was inadmissible is without merit.

Defendant is correct, however, in his assertion that such testimony may only be admitted for purposes of corroboration. It may not be admitted as substantive evidence to prove that a rape or sexual abuse has in fact occurred. *Id.* Further, the trial court "should take pains to explain to the jurors the limited uses for which the evidence is admitted." *Id.* In the present case, the trial court did not give a limiting instruction. This was error. However, we conclude that it was not prejudicial error. Defendant has not shown that there is a reasonable possibility that, had the limiting instruction been given, a different result would have been reached at trial. *See* N.C.G.S. § 15A-1443 (1988); *State v. Davis*, 106 N.C. App. 596, 418 S.E.2d 263 (1992), *disc. review denied*, 333 N.C. 347, 426 S.E.2d 710 (1993). Therefore, we hold that the admission of Ms. Seehof's testimony was not prejudicial error.

[5] Defendant next argues that the trial court erred in allowing Dr. Brown, the pediatrician who examined C., to testify that C. had been sexually abused. Specifically, Dr. Brown testified that her "clinical impression first was that the findings were strongly suggestive of possible sexual abuse." In *State v. Hammond*, 112 N.C. App. 454, 435 S.E.2d 798 (1993), *disc. review denied*, 335 N.C. 562, 441 S.E.2d 126 (1994), this Court recently held that an expert witness' opinion that the victim's symptoms suggested a "very high probability that [she] had been sexually abused" was properly admitted. The Court held that it was proper for the expert to discuss the symptoms and characteristics of sexually abused children and to express, in her expert opinion, whether the victim showed similar characteristics. *Id.* at 461, 435 S.E.2d at 802. Likewise, we conclude that in the present case, Dr. Brown's testimony regarding

the characteristics of sexually abused children and her opinion that C. showed similar characteristics was admissible expert testimony, and we overrule this assignment of error.

**[6]** Defendant's next contention is that the trial court erred in allowing Dr. Brown to testify to statements made to her by C., without limiting the admissibility of such testimony to corroboration. Defendant contends that the statements made by C. were hearsay and did not fall within the hearsay exception for statements made for the purpose of medical diagnosis or treatment, Rule 803(4). This contention is without merit.

Defendant has only assigned error to one such statement, and our review is therefore limited to that statement. Dr. Brown testified that she asked C. if anyone had touched her in a way that she did not like and that C. replied that her father had. This Court, in *State v. Rogers*, 109 N.C. App. 491, 501-02, 428 S.E.2d 220, 226, *disc. review denied*, 334 N.C. 625, 435 S.E.2d 348 (1993), *cert. denied*, 62 U.S.L.W. 3640 (U.S. Mar. 28, 1994) (No. 93-7753), held that "[w]here children are examined by physicians for diagnosis and treatment of alleged sexual abuse, details of the offense, including the identity of the offender, provided by the child during such examination are generally admissible at trial." Defendant argues, however, that C.'s statement was not made for purposes of diagnosis and treatment. We disagree. The record clearly shows that C. was seen by Dr. Brown for suspected sexual abuse. C.'s answer to Dr. Brown's question, therefore, was for the purpose of and was pertinent to a proper diagnosis and course of treatment. *See State v. Aguallo*, 318 N.C. 590, 597, 350 S.E.2d 76, 81 (1986). Accordingly, Dr. Brown's testimony was properly admitted.

In conclusion, because the jury instruction on first-degree sexual offense was prejudicial error, defendant must have a new trial in case number 92 CrS 483, first-degree sexual offense. In addition, the error in sentencing in case number 92 CrS 481, felonious incest, requires that defendant be resentenced on that offense. As to defendants remaining convictions, we find no prejudicial error in the trial or sentencing.

File number 92 CrS 483: New trial.

File number 92 CrS 481: Reversed and remanded for new sentencing hearing.

File number 92 CrS 482: No error.

File number 92 CrS 484: No error.

Chief Judge ARNOLD and Judge COZORT concur.