STATE OF NORTH CAROLINA v. PAUL RAY HOWIE, JR.

No. 9324SC1046

(Filed 18 October 1994)

1. **Burglary and Unlawful Breakings § 153 (NCI4th); Criminal Law § 25 (NCI4th)— voluntary intoxication negating intent—insufficiency of evidence**

   Though evidence of a defendant's intoxication at the time of a burglary may require an instruction on the lesser-included offense of misdemeanor breaking and entering, which requires no specific intent, evidence in this case, consisting of the testimony of defendant and his family and friends that he was an alcoholic and that he had been drinking on the dates in question and the fact that police on a later date found beer in his car, was insufficient to require an instruction on misdemeanor breaking and entering, particularly where the evidence tended to show that defendant, in order to commit the crimes in question, had to plan his actions by watching the victims use their ATM cards, attempting to memorize their access numbers, following the victims home, and, at an opportune moment, stealing their purses.

Am Jur 2d, Burglary § 69; Criminal Law §§ 155, 156.

Effect of voluntary drug intoxication upon criminal responsibility. 73 ALR3d 98.

Lesser-related state offense instructions: modern status. 50 ALR4th 1081.

**2. Constitutional Law § 286 (NCI4th)— no ineffective assistance of counsel—no showing of different result**

Defendant could not succeed on a claim of ineffective assistance of counsel where defendant gave two voluntary and detailed confessions after properly signing a *Miranda* waiver; evidence of defendant's only defense, voluntary intoxication, was clearly insufficient to negate the intent element of first-degree burglary; and there was thus no possibility that the jury would have reached a different verdict absent the alleged errors of defendant's counsel.

Am Jur 2d, Criminal Law §§ 748 et seq., 984 et seq.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

Adequacy of defense counsel's representation of criminal client regarding confessions and related matters. 7 ALR4th 180.

**3. Criminal Law § 307 (NCI4th)— similar offenses involving same pattern of operation—consolidation proper**

Consolidation of charges of first-degree burglary and larceny was not unjust and prejudicial where the offenses were similar and involved the same pattern of operation.

Am Jur 2d, Actions § 159.5; Criminal Law § 20.

Consolidated trial upon several indictments or informations against same accused, over his objection. 59 ALR2d 841.

Appeal by defendant from judgment and sentence entered 19 May 1993 by Judge Charles C. Lamm, Jr. in Watauga County Superior Court. Heard in the Court of Appeals 23 August 1994.

STATE v. HOWIE

[116 N.C. App. 609 (1994)]

*Attorney General Michael F. Easley, by Assistant Attorney General Sherra R. Smith, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Charlesena Elliott Walker, for defendant.*

LEWIS, Judge.

Defendant was convicted of two counts of first-degree burglary and two counts of felonious larceny and sentenced to life in prison plus forty years. On appeal, defendant contends that (1) the court erred in failing to instruct on a lesser-included offense, (2) he was inadequately represented by counsel, and (3) the court erred in consolidating the charges into one trial.

The evidence introduced at trial shows that defendant committed two similar break-ins, one at the residence of Michael and Patricia Bowman, and one at the residence of Mary Noel Gorka. In each case defendant observed the victim using her ATM card at a NationsBank at Watauga Village and attempted to memorize the card number. Defendant then followed the victim home, broke into the house and stole the victim's purse. In the first incident, on 7 July 1992, defendant opened a sliding glass door to the Bowman house, reached in and took two purses off of a table. In the second incident, on 5 August 1992, defendant entered the Gorka home through a window and stole Ms. Gorka's purse.

Defendant successfully withdrew $2,000 with the ATM card belonging to Ms. Bowman. He was unable to use Ms. Gorka's ATM card as he had forgotten the number, and he unsuccessfully attempted to use Ms. Gorka's credit card, which had been reported stolen.

On 12 August 1992, the chief of police of the Blowing Rock Police Department, Owen Tolbert, pulled defendant over after observing suspicious activity unrelated to the charges involved in this case. When defendant could not produce either his license or registration, Tolbert asked him to get out of the car. Defendant drove off. Tolbert and another police officer gave chase and defendant lost control of his car, crashed, and escaped on foot. The officers searched the car, which was determined to be stolen, and found several items which had been taken from the Bowman and Gorka residences. The car also contained an empty six-pack of beer and another partially consumed six-pack.

STATE v. HOWIE

[116 N.C. App. 609 (1994)]

The officers ascertained defendant's address from a telephone bill found in the car. They searched his home and found shoes with a tread matching that of a shoeprint at the Gorka residence. Although defendant was not home at that time, the officers asked his wife to ask defendant to call the police. Defendant called the police several days later to turn himself in.

On 17 August 1992 a store clerk identified defendant as the man who had attempted to use a stolen credit card. On 20 August 1992, and again on 21 August, defendant was questioned at the police station, after signing a *Miranda* waiver. Sergeant Harrison interviewed defendant on each occasion and testified that defendant was "quiet and soft spoken [and] cooperative," and that he did not appear to be intoxicated on either occasion. Defendant confessed in detail to the two break-ins.

At trial defendant presented evidence that he is an alcoholic and that he had been drinking at the time of the offenses and before he turned himself in to the police. He testified that he drank about a twelve-pack of beer before breaking into the Gorka residence and that he drank about fourteen beers before breaking into the Bowman residence. He said he has been an alcoholic for twenty years and usually drinks about three twelve-packs a day. Defendant contends that he broke into the homes because he was drinking and did not know what he was doing.

At trial defendant pled guilty to seven traffic violations, but pled not guilty to the charges of first degree burglary and felonious larceny.

I.

[1] Defendant first argues that his intoxication at the time of the alleged offenses is evidence that he lacked the requisite intent for burglary, and therefore the judge should have instructed the jury on misdemeanor breaking and entering, a lesser-included offense of first-degree burglary. *See State v. Patton*, 80 N.C. App. 302, 305, 341 S.E.2d 744, 746 (1986). Defendant's counsel did not object to the jury charge at trial or request an instruction on misdemeanor breaking and entering. Although failure to object to a jury charge would normally preclude our review of this issue, N.C.R. App. P. 10(b)(2), on appeal defendant contends that the court's failure to instruct on the lesser offense amounted to plain error which likely affected the jury's verdict. *See State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983)

(adopting the plain error rule). To show plain error in a jury instruction, a defendant must show that the instructional mistake probably affected the jury's findings that the defendant was guilty. *Id.* at 660, 300 S.E.2d at 378 (citing *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir.), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)). We find no plain error in the case at hand.

A trial court must instruct the jury on a lesser-included offense only if there is evidence that the defendant might be guilty of the lesser-included offense. *State v. Collins*, 334 N.C. 54, 58, 431 S.E.2d 188, 191 (1993). Evidence of a lesser-included offense must be evidence which might convince a rational trier of fact to convict of the lesser offense. *State v. Peacock*, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985). If the State's evidence is clear and positive as to each element of the charged offense, and if there is no evidence of the lesser-included offense, there is no error in refusing to instruct on the lesser offense. *Id.*

The elements of first-degree burglary are (1) breaking into the dwelling house of another at night, (2) with the intent to commit a felony therein, and (3) while the house is occupied by another person. *See id.*; N.C.G.S. § 14-51 (1993). Voluntary intoxication may negate the existence of specific intent as an essential element of a crime. *See State v. Harvell*, 334 N.C. 356, 367, 432 S.E.2d 125, 131 (1993). Thus, evidence of a defendant's intoxication at the time of a breaking and entering may require an instruction on the lesser-included offense of misdemeanor breaking and entering, which requires no specific intent, in addition to an instruction on burglary. *Peacock*, 313 N.C. at 560, 330 S.E.2d at 194. In order for intoxication to negate the existence of specific intent, the evidence must show that the defendant was "utterly incapable" of forming the requisite intent. *State v. Brown*, 335 N.C. 477, 492, 439 S.E.2d 589, 598 (1994) (quoting *State v. Mash*, 323 N.C. 339, 348, 372 S.E.2d 532, 537 (1988)). Evidence of mere intoxication is insufficient to meet this burden. *Id.*

We find that the evidence of intoxication in this case was insufficient to require an instruction on misdemeanor breaking and entering. The only evidence of defendant's intoxication is the testimony of defendant and his family and friends that he is an alcoholic, defendant's testimony that he had been drinking on the dates in question, and the fact that the police, on a later date, found beer in his car. Defendant testified that he had consumed a twelve-pack of beer before going to the Gorka residence, and that he had had about four-

teen beers before entering the Bowman residence. Defendant testified that he broke into the homes because he was drunk and did not know what he was doing.

However, the very nature of defendant's crimes belies his story that he was sufficiently intoxicated on the dates in question so as to negate specific intent. In order to commit the crimes in question, defendant had to plan his actions. He watched his victims use their ATM cards, he attempted to memorize the access numbers, he followed his victims home, and at an opportune moment, he stole their purses out of their houses. Whether or not he was drinking, defendant obviously intended to steal the purses in order to obtain the ATM cards. The evidence only supports a finding that, if defendant committed these offenses at all, he committed them with the intent to steal the ATM cards and use them to steal from the victims' bank accounts. We conclude that there was no evidence before the court supporting an instruction on the lesser-included offense of misdemeanor breaking and entering. We find no plain error, in fact no error at all, on this issue.

II.

[2] Defendant next contends that he was deprived of his right to effective assistance of counsel, because his attorney inadequately prepared for trial, "facilitated the admission of prejudicial and oftentimes incompetent evidence," and failed to request an instruction on a lesser-included offense.

To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the errors prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984); *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985). A conviction may not be reversed for ineffective assistance of counsel unless, based on the totality of the circumstances, there would have been a different result but for the counsel's alleged errors. *Braswell*, 312 N.C. at 563, 324 S.E.2d at 248.

We find it unnecessary to address the details of defendant's contentions, because there is no possibility that the jury would have reached a different verdict but for his counsel's alleged errors. The jury had before it overwhelming evidence of defendant's guilt. Prior to the appointment of counsel for defendant, defendant gave two voluntary and detailed confessions after properly signing a *Miranda*

waiver. Furthermore, the evidence of defendant's only defense, voluntary intoxication, was clearly insufficient to negate the intent element of first degree burglary. We conclude that there is no possibility that the jury would have reached a different verdict absent the alleged errors of defendant's counsel.

## III.

[3] Defendant finally contends that the court erred in consolidating the charges of first-degree burglary and larceny for one trial, because the charges stemmed from two different incidents. Offenses may be joined for trial if they are "based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C.G.S. § 15A-926(a) (1988); *State v. Wilson*, 108 N.C. App. 575, 424 S.E.2d 454, *motion to dismiss allowed and disc. review denied*, 333 N.C. 541, 429 S.E.2d 562 (1993). The decision to consolidate is within the discretion of the trial judge and will not be reversed unless the defendant was deprived of a fair trial. *Wilson*, 108 N.C. App. at 582, 424 S.E.2d at 458. A defendant is not prejudiced by the joinder of two crimes unless the charges are "so separate in time and place and so distinct in circumstances as to render the consolidation unjust and prejudicial to defendant." *State v. Hammond*, 112 N.C. App. 454, 458, 435 S.E.2d 798, 800 (1993) (quoting *State v. Oxendine*, 303 N.C. 235, 240, 278 S.E.2d 200, 203 (1981)), *disc. review denied*, 335 N.C. 562, 441 S.E.2d 126 (1994).

Defendant contends that the lapse of time between the two offenses in the case at hand is long enough to break any transactional connection between them. Defendant points out that in *State v. Wilson*, 57 N.C. App. 444, 291 S.E.2d 830, *disc. review denied*, 306 N.C. 563, 294 S.E.2d 375 (1982), the Court found that offenses allegedly committed three weeks apart had no transactional connection and could not be joined for trial. The crimes in the case at hand occurred four weeks apart. Defendant contends that joining the two offenses could have prejudiced the jury against him, because the jury may have been influenced by its knowledge of both charges when it should have been ascertaining guilt as to each charge separately.

The evidence clearly shows that the offenses were not only similar, but that they involved the same pattern of operation. Defendant watched as each victim used a teller machine at the same bank, NationsBank in Watauga Village. Defendant followed each victim home. Defendant observed each victim while hiding outside, and, stealthily, entered the house and stole the victim's purse. On cross-

IN RE MAYNARD

[116 N.C. App. 616 (1994)]

examination, defendant admitted that it was his "operation" to watch people use their ATM cards, memorize the numbers, and then steal their purses. We do not find that the circumstances of the two offenses are so distinct as to render consolidation unjust and prejudicial.

Having reviewed defendant's arguments, we conclude that defendant received a fair trial, free from prejudicial error.

No error.

Judges EAGLES and COZORT concur.