STATE OF NORTH CAROLINA v. EDWARD LYNN LOUDNER

No. 8521SC83

(Filed 15 October 1985)

**Rape and Allied Offenses § 19— sexual act with person in defendant's custody—variance between indictment and proof**

    The trial court erred in denying defendant's motion for a directed verdict where the indictment charged that defendant engaged "in a sexual act, to wit: performing oral sex" with a person in his custody, a stepdaughter, in violation of G.S. 14-27.7, but the State's evidence showed only that defendant placed his finger in the child's vagina.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 23 August 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 19 September 1985.

*Attorney General Thornburg, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Victor M. Lefkowitz for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of engaging in a sex act with a person in his custody, a stepdaughter, in violation of G.S. 14-27.7, and sentenced to four years in prison. While the indictment in pertinent part alleged that defendant engaged "in a sexual act, to wit: performing oral sex" on the child involved, the State's evidence showed only that the defendant placed his finger in her vagina, which by definition is a separate sex offense under the terms of G.S. 14-27.1(4). This variance between charge and proof is the basis for defendant's contention that the court erred in denying his motion for a directed verdict at the end of all the evidence. This contention is well taken; the defendant has been convicted of a crime he has not been charged with and we reverse the judgment appealed from.

    The evidence in a criminal prosecution must correspond to the material allegations of the indictment, and where the evidence tends to show the commission of an offense not charged in the indictment, the defendant's conviction thereof cannot stand. *State v. Williams*, 303 N.C. 507, 279 S.E. 2d 592 (1981). Since an indictment for a sexual offense need not allege the specific nature

of the sex act committed, G.S. 15-144.2, the State contends that the words in the indictment defendant was tried under, "to wit: performing oral sex," were superfluous and therefore harmless to defendant. This contention was implicitly rejected by our Supreme Court in *State v. Williams, supra* and we reject it here. While the State was not required to allege the specific nature of the sex act in the indictment, *State v. Edwards,* 305 N.C. 378, 289 S.E. 2d 360 (1982), having chosen to do so, it is bound by its allegations, even as other litigants are bound by theirs. Furthermore, when the State does not specify at the outset which "sexual act" was committed by a defendant, it can be required to do so before trial on the indictment is had, *State v. Lowe,* 295 N.C. 596, 247 S.E. 2d 878 (1978), and in answering a bill of particulars approved by the court, the State specified that the "sexual act[s] which defendant allegedly committed" were "physical touching and oral sex." Since "physical touching" is not a prohibited sexual act as defined by G.S. 14-27.1(4), under the State's answer to the bill of particulars, as well as under the indictment, the only crime that defendant was lawfully tried for was committing oral sex with the victim. While defendant is entitled to be acquitted of that charge, he has not been tried for committing the sex act on the child that the evidence recorded tends to show he committed, and if the State elects to do so it may proceed to indict and try the defendant therefor. *State v. Williams, supra.*

Reversed.

Judges WELLS and WHICHARD concur.