STATE OF NORTH CAROLINA v. JOHN DAVIS McCLAIN

No. 865SC1115

(Filed 16 June 1987)

**Kidnapping § 1.3— purpose of kidnapping—instruction on theory not alleged— plain error**

The trial court committed plain error in instructing the jury on a theory of kidnapping not charged in the indictment where the indictment alleged that the purposes of the kidnapping were facilitating rape and terrorizing the victim and the trial court permitted the jury to convict defendant if it found defendant had restrained or removed the victim with the intent of "doing serious bodily injury" to her.

APPEAL by defendant from *Stevens, Judge.* Judgment entered 27 March 1986 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 March 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender David W. Dorey, for defendant-appellant.*

GREENE, Judge.

After indictment for first degree rape and first degree kidnapping, defendant was found guilty of misdemeanor assault on a female and first degree kidnapping. The trial judge sentenced defendant to 40 years' imprisonment for the kidnapping conviction and two years' imprisonment for the assault conviction. Defend-

ant asserts error in the jury instructions and appeals his conviction of first degree kidnapping.

The State's evidence at trial tended to show that, after the prosecuting witness drove defendant home, defendant asked her to take him to another location. When she refused, defendant removed the keys from her car, pulled her behind a house, ordered her to undress and forced her to have sexual intercourse. During that time, defendant allegedly struck the prosecuting witness and threatened to harm her if she did not cooperate. Defendant later forced her to accompany him to another location where he again forced her to have sexual intercourse. Testifying on his own behalf, defendant only admitted slapping the prosecuting witness after an argument over the prosecuting witness's drug use. The prosecuting witness did not initially identify defendant as the man who allegedly raped her. The jury returned verdicts for first degree kidnapping and misdemeanor assault on a female.

The sole issue for this Court's determination is whether the trial court committed plain error in instructing the jury on a theory of kidnapping not charged in the indictment. The indictment for kidnapping provided in pertinent part:

> The defendant . . . unlawfully, willfully and feloniously did kidnap, confine, restrain and remove from one place to another Mary E. Grant, a person who had attained the age of 16 years, *for the purpose of facilitating the commission of the felony of Rape and for the purpose of terrorizing the said Mary E. Grant, and further did sexually assault her.* [Emphasis added.]

The indictment for rape provided in part:

> The defendant . . . unlawfully, willfully and feloniously did ravish and carnally know Mary E. Grant, a female person, by force and against her will, *and inflicted serious personal injury upon the person of Mary E. Grant.* [Emphasis added.]

In its charge to the jury, the trial court instructed that the defendant could be convicted of kidnapping if the jury found:

> That the defendant restrained and/or removed Mary Grant for the purpose and with the specific intent of facilitating his commission of the felony of rape *and/or doing serious bodily injury to Mary Grant.* [Emphasis added.]

Our courts have consistently held that it is error, generally prejudicial, for the trial court to permit a jury to convict upon some theory not supported by the bill of indictment. *E.g.*, *State v. Taylor*, 301 N.C. 164, 170, 270 S.E. 2d 409, 413 (1980). Here, the trial judge permitted the jury to convict defendant of kidnapping if it found defendant had restrained and/or removed the prosecuting witness with the "intent of doing serious bodily injury." However, the State's indictment alleged the purpose of the kidnapping was "facilitating" rape and "terrorizing" the prosecuting witness. In a kidnapping case, the indictment must allege the specific purposes on which the State intends to rely; the State is furthermore restricted to proving those purposes alleged in the indictment. *State v. Moore*, 315 N.C. 738, 743, 340 S.E. 2d 401, 404 (1986) (evidence supported theory of terrorizing victim, but insufficient to support theory that defendant confined or removed victim for purpose of doing serious bodily harm). The State's kidnapping indictment clearly did not allege the same kidnapping purpose the trial judge submitted to the jury.

Since the indictment for rape alleged "serious personal injury," the State argues the kidnapping and rape indictments give defendant proper notice of the charges when construed together. We find no merit to the State's contention and conclude the trial court's instructions were in error.

The State further contends that, even if we find the jury instructions erroneous, defendant waived appellate review of the issue by failing to interpose a timely objection. We note that defendant did not object to the judge's instructions to the jury. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides:

No party may assign as error any portion of the jury charge or omissions therefrom unless he objects thereto before the jury retires to consider its verdict . . . .

However, our Supreme Court has mitigated the harshness of Rule 10(b)(2) by adopting the "plain error" rule by which an appellate court may notice plain errors or defects affecting substantial rights although such errors or defects were not brought to the trial court's attention. *State v. Odom*, 307 N.C. 655, 660, 300 S.E. 2d 375, 378-79 (1983). In two cases of similar variance between a kidnapping indictment and jury instructions, our Supreme Court

held the error was plain and ordered new trials for the defendants. *State v. Tucker*, 317 N.C. 532, 536-40, 346 S.E. 2d 417, 420-22 (1986); *State v. Brown*, 312 N.C. 237, 246-49, 321 S.E. 2d 856, 861-63 (1984). We see no relevant factors distinguishing the instant case from *Brown* and *Tucker* and therefore grant a new trial of the kidnapping charge in this case.

New trial on first degree kidnapping.

Judges ARNOLD and MARTIN concur.