STATE OF NORTH CAROLINA v. RONALD DAVID LARK

No. COA08-1239

(Filed 7 July 2009)

**1. Sexual Offenses— first-degree—performing or receiving fellatio**

N.C.G.S. § 14-27.4(a) does not distinguish between forcing a victim to perform fellatio or performing fellatio upon a victim, and the trial court did not err by denying defendant's motion to dismiss a charge of first-degree sexual offense by fellatio where there was evidence that defendant forced his son to perform fellatio, but at one point the court instructed the jury that defendant was accused of performing fellatio on the victim.

**2. Child Abuse and Neglect— felonious abuse—fellatio— instructions**

There was no plain error in a prosecution for felonious child abuse in an instruction that gave three alternative theories for the charge where defendant argued that the evidence was insufficient to support two of the theories. The evidence supported the instruction that defendant committed felonious child abuse

STATE v. LARK

[198 N.C. App. 82 (2009)]

based upon committing a sexual act with the victim; N.C.G.S. § 14-27.1 does not distinguish between performing or receiving fellatio. Furthermore, considering the evidence presented at trial and the instruction, the jury could not have been confused by a misstatement in the instruction.

**3. Indictment and Information— variance with evidence— felonious child abuse—particular sexual act**

There was no fatal variance between an indictment for felonious child abuse and the evidence where the court instructed on the theory of anal intercourse alleged in the indictment and also on the theory of fellatio, which was not alleged in the indictment but which was supported by the evidence. The State was not required to allege the particular sexual act defendant committed in order to support a felonious child abuse charge, the language alleging anal intercourse was surplusage, and the trial court did not substitute a different theory for the one alleged in the indictment.

**4. Evidence— testimony of clinical social worker—victim's post-traumatic stress—no limiting instruction**

There was no plain error in a felonious child abuse instruction where the court did not give an instruction limiting the testimony of a clinical social worker about the victim's post-traumatic stress disorder to corroborative purposes. Defendant did not request such an instruction and cross-examined the witness as to the basis for the opinion.

**5. Criminal Law— judgment and commitment forms—clerical errors**

Convictions for felonious child abuse, first-degree sexual offense, and other related charges were remanded for correction of clerical errors in the judgment and commitment forms.

Appeal by Defendant from judgments entered 4 April 2008 by Judge John W. Smith in Superior Court, Stokes County. Heard in the Court of Appeals 6 May 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Mary Carla Hollis, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for Defendant-Appellant.*

McGEE, Judge.

Ronald David Lark (Defendant) was found guilty on 4 April 2008 of indecent liberties with a child by fellatio, first-degree sexual offense by fellatio, crime against nature, and felonious child abuse. Defendant was acquitted of indecent liberties with a child by anal sex and first-degree sexual offense by anal sex. The trial court consolidated Defendant's indecent liberties with a child and first-degree sexual offense convictions and sentenced Defendant to 336 months to 413 months in prison. The trial court consolidated Defendant's crime against nature and felonious child abuse convictions and sentenced Defendant to 34 months to 50 months in prison to run consecutively with Defendant's prior judgment. Defendant appeals.

At trial, the State presented the following evidence. Defendant is the biological father of J.A.S., the victim. J.A.S. first began visiting Defendant in late 2002, when J.A.S. was nine years old. J.A.S. testified that on one occasion when he was visiting Defendant, Defendant called J.A.S. into the bathroom and told J.A.S. to "suck [Defendant's] wiener." J.A.S. did as he was told and put Defendant's penis in his mouth. Defendant told J.A.S. that if he told anyone, Defendant would hurt J.A.S. or J.A.S.'s mother. On another occasion when J.A.S. was visiting Defendant, Defendant again asked J.A.S. to "suck his wiener[.]" When J.A.S.'s mother picked him up from that visit, J.A.S. told his mother Defendant had called her names. As a result, J.A.S.'s mother stopped J.A.S.'s visits with Defendant.

J.A.S.'s mother allowed J.A.S. to resume visits with Defendant in the middle of 2005, when J.A.S. was twelve years old. J.A.S.'s mother testified that after J.A.S. resumed visits with Defendant, she noticed a difference in J.A.S.'s attitude. J.A.S. became withdrawn, his grades dropped, and he began having behavioral problems at school. In November 2005, J.A.S. was suspended from school for two days for an angry outburst. On the first day of J.A.S.'s suspension, his mother took him to Defendant's house. J.A.S. testified that while he was at Defendant's house, Defendant again told J.A.S. to "suck his wiener." Defendant then pushed J.A.S. onto a bed and forced anal sex on him. On the second day of J.A.S.'s suspension from school, he begged his mother not to take him back to Defendant's house. J.A.S. testified he did not tell his mother about Defendant's abuse because he was afraid Defendant would hurt him. J.A.S. testified that Defendant had anal intercourse with him two or three times and that Defendant forced him to put Defendant's penis in his mouth six or seven times.

STATE v. LARK

[198 N.C. App. 82 (2009)]

J.A.S.'s mother testified that two weeks after being suspended from school, J.A.S. was caught molesting other children. J.A.S. told his mother that Defendant "did things" to him. Detective Kelly Beard (Detective Beard) with the King Police Department investigated the allegations of abuse against Defendant. Defendant voluntarily came to the police station to answer questions. Defendant denied J.A.S.'s allegations. However, when Detective Beard told Defendant that J.A.S. engaged in sex acts with other boys, Defendant said: "Well, I guess somebody showed him how to do it." Defendant told Detective Beard that he had problems finding dates. As Defendant left the police station, he said to Détective Beard: "Well, I'm a little crippled. . . . [A] man's got to do what a man's got to do."

At the time of trial, J.A.S. was living in a residential treatment facility. Victor Isler (Isler), a clinical social worker at the facility, was qualified as an expert in the fields of sexualized trauma and in recognizing sexualized behaviors in victims. Isler testified that J.A.S.'s behavior was consistent with that of a person who had experienced sexualized trauma. Isler further testified that as a result of that trauma, J.A.S. suffered from post-traumatic stress disorder.

At the end of the State's evidence, Defendant made a motion to dismiss the charges. The trial court denied Defendant's motion. Defendant presented evidence at trial, including the testimony of several family members and friends who testified that J.A.S. was never at Defendant's house. However, Defendant's nephew testified that J.A.S. was at Defendant's house two or three times a month. Defendant's son, Christopher Lark (Lark), testified that he had lived with Defendant since he was fifteen years old. Lark testified that he had seen J.A.S. at Defendant's house.

Defendant testified on his own behalf and denied allegations that he sexually abused J.A.S. At the end of Defendant's evidence, Defendant renewed his motion to dismiss the charges against him. The trial court again denied Defendant's motion.

I.

[1] Defendant argues in his assignment of error number one that the trial court erred in denying Defendant's motion to dismiss the charge of first-degree sexual offense by fellatio.

The standard of review for a motion to dismiss in a criminal trial is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2)

of [the] defendant's being the perpetrator of such offense." *State v. Powell,* 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citing *State v. Roseman,* 279 N.C. 573, 184 S.E.2d 289 (1971)). " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *State v. Kraus,* 147 N.C. App. 766, 769, 557 S.E.2d 144, 147 (2001) (quoting *State v. Smith,* 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Barnes,* 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (citing *State v. Benson,* 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992)).

First-degree sexual offense is defined as "a sexual act . . . [w]ith a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim." N.C. Gen. Stat. § 14-27.4 (2007). N.C. Gen. Stat. § 14-27.1 defines a "sexual act" as "cunnilingus, fellatio, analingus, . . . anal intercourse . . . [or the] penetration, however slight, by any object into the genital or anal opening of another person's body." N.C. Gen. Stat. § 14-27.1 (2007).

Because J.A.S. testified that on numerous occasions Defendant forced J.A.S. to perform fellatio, we find the State presented sufficient evidence to support Defendant's first-degree sexual offense charge. However, at one point in the trial court's jury instruction on first-degree sexual offense, the trial court stated: "[D]efendant is accused of committing first degree sex offense by performing fellatio upon J.A.S." Defendant argues that because the trial court misspoke in its jury instructions, there was insufficient evidence to support Defendant's conviction for first-degree sexual offense.

"The Due Process Clause . . . requires that the sufficiency of the evidence to support a conviction be reviewed with respect to the theory of guilt upon which the jury was instructed." *State v. Wilson,* 345 N.C. 119, 123, 478 S.E.2d 507, 510 (1996) (citing *Presnell v. Georgia,* 439 U.S. 14, 16, 58 L. Ed. 2d 207, 211 (1978)). In *Wilson* there was sufficient evidence that the defendant committed murder by acting in concert but insufficient evidence that the defendant committed murder by himself. *Id.* at 123, 478 S.E.2d at 510. However, the trial court failed to instruct the jury on acting in concert, thereby making it necessary for the State to prove each element of first-degree murder on the theory of premeditation and deliberation, including that the

defendant fired the shots. *Id.* Our Supreme Court overturned the defendant's conviction for first-degree murder because there was insufficient evidence to support the conviction based upon the theory that the defendant committed the murder himself. *Id.* at 123-25, 478 S.E.2d at 510-12.

However, the present case is distinguishable from *Wilson.* The first-degree sexual offense statute only requires that the State prove Defendant "engage[d] in" a sexual act with J.A.S. N.C. Gen. Stat. § 14.27.4(a) (2007). The statute does not distinguish between forcing a victim to perform fellatio or performing fellatio upon a victim. *Id.* Further, our Supreme Court has held that "the trial court's charge to the jury must be construed contextually and isolated portions of it will not be held prejudicial error when the charge as a whole is correct." *State v. Boykin,* 310 N.C. 118, 125, 310 S.E.2d 315, 319 (1984).

In the present case, the trial court twice correctly instructed the jury that to find Defendant guilty of first-degree sexual offense, the jury must conclude that Defendant engaged in a sexual act with J.A.S. The trial court instructed the jury that "sexual act" meant "either fellatio or anal intercourse." The trial court further defined fellatio as "the touching by the lips or tongue of one person and the male sexual organ of another." Although in instructing the jury on Defendant's charges of first-degree sexual offense, the trial court misspoke by saying "*performing*" fellatio instead of "*engaging in*" fellatio, reading the jury instructions as a whole, the trial court correctly instructed the jury that to convict Defendant of first-degree sexual offense, it must find that Defendant engaged in a sexual act with J.A.S. As this instruction on first-degree sexual offense was supported by the evidence, we hold the trial court did not err by denying Defendant's motion to dismiss. Therefore, Defendant's first assignment of error is overruled.

II.

[2] In Defendant's assignment of error number twelve, he argues the trial court committed plain error by instructing the jury on three alternative theories in support of the charge of felonious child abuse where the evidence was insufficient to support two of the three theories.

Defendant did not object to the jury instruction at trial; therefore, we review the trial court's jury instruction for plain error. N.C.R. App.

P. 10(c)(4). Under plain error review, Defendant must demonstrate the claimed error is a

> " '*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' or where the error is such as to 'seriously affect the fairness, integrity or public reputation of judicial proceedings[.]' "

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).

Defendant was charged with felonious child abuse under N.C. Gen. Stat. § 14-318.4(a2) which states: "Any parent or legal guardian of a child less than 16 years of age who commits or allows the commission of any sexual act upon a juvenile is guilty of a Class E felony." N.C. Gen. Stat. § 14-318.4(a2) (2007). "Sexual act" is defined as "cunnilingus, fellatio, analingus, . . . anal intercourse . . . [or the] penetration, however slight, by any object into the genital or anal opening of another person's body." N.C.G.S. § 14-27.1.

The trial court instructed the jury that it could find Defendant guilty of felonious child abuse if the jury found Defendant

> intentionally committed a sexual act upon a juvenile. Either intentionally performing fellatio or anal intercourse, or both, would constitute sexual acts for the purpose of this charge. So if you find from the evidence beyond a reasonable doubt that . . . [D]efendant intentionally committed a sexual act upon [J.A.S.], it would be your duty to return a verdict of guilty as to that charge.

Defendant argues that two of the theories of felonious child abuse were not supported by the evidence because they were based on Defendant's having performed fellatio upon J.A.S.

In *State v. Hughes*, 114 N.C. App. 742, 746, 443 S.E.2d 76, 79, *disc. review denied*, 337 N.C. 697, 448 S.E.2d 536 (1994), the trial court instructed the jury that it could find the defendant guilty of first-degree sexual offense if the jury concluded the defendant committed a sexual act with the victim, defined as either fellatio or penetration by an object into the victim's body. However, there was insufficient evidence to support the theory that the defendant penetrated the vic-

STATE v. LARK

[198 N.C. App. 82 (2009)]

tim. *Id.* Our Court held that the trial court erred in instructing the jury that it could base its conviction on the theory of penetration where the evidence did not support that theory. *Id.*

The present case is distinguishable from *Hughes*. The evidence supported the instruction that Defendant committed felonious child abuse based upon a sexual act with J.A.S., that act being fellatio, anal intercourse, or both. As discussed in the preceding section, although the trial court instructed the jury by saying *"performing"* fellatio instead of *"engaging in"* fellatio, reading the jury instructions as a whole, the trial court correctly instructed the jury that to find Defendant guilty of felonious child abuse, the jury must find that Defendant engaged in a sexual act with J.A.S. N.C.G.S. § 14-27.1 defines sexual act and does not distinguish between performing or receiving fellatio. In addition, the trial court instructed the jury that "sexual act" meant "either fellatio or anal intercourse." In defining sexual act to the jury, the trial court did not distinguish between forcing fellatio upon J.A.S. or performing fellatio on J.A.S. Therefore, taking the trial court's jury instruction as a whole, the instruction on the sexual act supporting felonious child abuse was supported by the evidence.

Further, assuming *arguendo* it was error when the trial court misspoke and said "performed" fellatio, we find the error does not rise to the level of plain error. All of the testimony admitted for substantive purposes supported the theory that J.A.S. was forced to perform fellatio upon Defendant. The jury was instructed that a sexual act "mean[t] either fellatio or anal intercourse." Thus, considering together the evidence presented at trial and the trial court's jury instruction on "sexual act," the jury could not have been confused by the misstatement in the trial court's instruction. Therefore, Defendant's assignment of error number twelve is overruled.

III.

[3] Defendant argues in his assignments of error numbers two and three that the trial court committed plain error by instructing the jury on a theory of felonious child abuse not alleged in the indictment.

Defendant was charged with a superseding indictment for felonious child abuse on 14 January 2008. Defendant's indictment for felonious child abuse states:

THE JURORS FOR THE STATE upon their oath present that on or about the 4th day of November, 2005 through the 21st day of

November, 2005 and all inclusive dates therein and in the county named above [] [Defendant] named above unlawfully, willfully and feloniously did commit a sexual act, *anal intercourse* with [J.A.S.], who was 12 years of age thus under 16 years of age. At the time [] [Defendant] committed the offense, [] [Defendant] was the parent.

(emphasis added). The trial court instructed the jury that it could find Defendant guilty of felonious child abuse if the jury found "that [Defendant] intentionally committed a sexual act upon a juvenile. Either intentionally performing fellatio or anal intercourse, or both, would constitute sexual acts for the purpose of this charge."

Defendant does not dispute the sufficiency of the indictment to confer subject matter jurisdiction to the trial court. Rather, Defendant contends the indictment is insufficient to support his conviction for felonious child abuse because there is a fatal variance between the offense charged in the indictment and the jury instructions given at trial.

"It is a well-established rule in this jurisdiction that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon some abstract theory not supported by the bill of indictment." *State v. Taylor*, 301 N.C. 164, 170, 270 S.E.2d 409, 413 (1980) (citations omitted). However, " '[a]llegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage.' " *State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996) (quoting *State v. Taylor*, 280 N.C. 273, 276, 185 S.E.2d 677, 680 (1972)).

Defendant was charged with felonious child abuse under N.C.G.S. § 14-318.4(a2). The essential elements of felonious child abuse under subsection (a2) are (1) the defendant is a parent or legal guardian of (2) a child less than 16 years of age, (3) who commits or allows the commission of any sexual act upon that child. N.C. Gen. Stat. § 14-318.4(a2); *see State v. Qualls*, 130 N.C. App. 1, 8, 502 S.E.2d 31, 36 (1998) (holding variance between the specific injury alleged in the indictment and the evidence at trial was not fatal where it was only necessary to allege under N.C. Gen. Stat. § 14-318.4(a) that the defendant caused serious injury and the actual injury alleged was surplusage), *disc. review denied*, 349 N.C. 237, 516 S.E.2d 604 (1998), *aff'd per curiam*, 350 N.C. 56, 510 S.E.2d 376 (1999).

The indictment in the present case sufficiently alleged the essential elements of N.C. Gen. Stat. § 14-318.4(a2). The State was not

required to specifically allege the particular sexual act that Defendant committed. *See* N.C. Gen. Stat. § 15-144.2; *State v. Mueller,* 184 N.C. App. 553, 558, 647 S.E.2d 440, 445 (short-form indictment for sexual offense only requires the State to allege the essential elements of the offense and does not require the State to allege the particular sexual act committed), *cert. denied,* 362 N.C. 91, 657 S.E.2d 24 (2007).

In his reply brief, Defendant cites *State v. Loudner,* 77 N.C. App. 453, 335 S.E.2d 78 (1985), and *State v. Williams,* 303 N.C. 507, 279 S.E.2d 592 (1981) for the proposition that even if the State was not required to allege the particular sexual act Defendant committed, the State is nevertheless bound by the allegations the State chose to allege in the indictment.

In *Williams,* the defendant was charged with first-degree sexual offense. *Williams,* 303 N.C. at 510, 279 S.E.2d at 594. The indictment alleged the defendant committed the sexual acts of cunnilingus and anal intercourse. *Id.* However, the State's evidence showed only that the defendant committed a sexual act by the penetration of an object into the victim's body. *Id.* The defendant argued the trial court erred in denying his motion to dismiss the charges because there was a fatal variance between the allegations in the indictment and the proof at trial. *Id.* at 509, 279 S.E.2d at 594. Our Supreme Court held that because there was no evidence demonstrating the defendant committed the sexual acts alleged in the indictment, the trial court erred in denying the defendant's motion to dismiss. *Id.* at 510, 279 S.E.2d at 594.

Similarly, in *Loudner,* the defendant was charged with committing a sexual act with a person in his custody. *Loudner,* 77 N.C. App. at 453, 335 S.E.2d at 79. The indictment alleged the defendant committed the sexual act of "performing oral sex" on the victim. *Id.* However, the State's evidence showed only that the defendant digitally penetrated the victim's vagina. *Id.* The defendant argued the trial court erred in denying his motion to dismiss the charges because there was a fatal variance between the allegations in the indictment and the proof at trial. *Id.* Our Court, relying on *Williams,* held that because there was no evidence demonstrating the defendant committed the sexual act alleged in the indictment, the trial court erred in denying the defendant's motion to dismiss. *Id.* at 454, 335 S.E.2d at 79.

However, we find the present case distinguishable from *Loudner* and *Williams.* The defendants in both *Loudner* and *Williams*

assigned error to the trial court's denial of their motions to dismiss for insufficiency of the evidence. In the present case, Defendant does not argue that the evidence of anal intercourse was insufficient. Rather, he assigns error to the trial court's jury instructions on felonious child abuse that instructed on a second theory *in addition* to the theory alleged in the indictment. Therefore, we find our appellate Courts' decisions on variance between indictments and jury instructions more applicable to the present case.

Our Courts have found that a trial court's jury instructions which vary from the allegations of the indictment might constitute error where the variance is regarding an *essential element* of the crime charged. For instance, in a kidnapping case, it is essential to a valid indictment that the indictment allege the State's theory of the defendant's specific purpose(s) for the kidnapping. *State v. McClain*, 86 N.C. App. 219, 356 S.E.2d 826 (1987). Therefore, our Courts have repeatedly held that a trial court's jury instruction on a purpose theory different than the purpose theory alleged in the indictment, might constitute plain error where the evidence of the defendant's guilt is not overwhelming. *See State v. Tucker*, 317 N.C. 532, 346 S.E.2d 417 (1986); *State v. Taylor*, 301 N.C. 164, 270 S.E.2d 409 (1980); *State v. Smith*, 162 N.C. App. 46, 589 S.E.2d 739 (2004).

In *State v. Williams*, the defendant was charged with first-degree rape under N.C. Gen. Stat. § 14-27.2(a)(2) which requires the State to show the defendant engaged in vaginal intercourse "[w]ith another person by force and against the will of the other person[.]" *State v. Williams*, 318 N.C. 624, 629, 350 S.E.2d 353, 356 (1986). However, the trial court instructed the jury under N.C. Gen. Stat. § 14-27.2(a)(1) by instructing the jury that they could find the defendant guilty of first-degree rape if they found the defendant "engaged in vaginal intercourse with [D.M.W.], and that at that time, [D.M.W.] was a child under the age of thirteen years, and that [the defendant] was at least twelve years old and was at least four years older than [D.M.W.]." *Williams*, 318 N.C. at 629, 350 S.E.2d at 356. Our Supreme Court held the trial court's jury instructions were fundamentally erroneous because the jury was instructed on a theory based on a different subsection from the subsection under which the defendant was charged in the indictment. *Id.* at 631, 350 S.E.2d at 357.

In the present case, the trial court instructed the jury on the theory of anal intercourse that was alleged in the indictment. In addition, the trial court also instructed on the theory of fellatio that was not alleged in the indictment, but that was supported by the evidence.

Unlike the kidnapping cases before our appellate Courts, the particular sexual act is not an essential element required to be alleged in the indictment. *See Tucker, Taylor, and Smith.* Further, this is not a case where the trial court instructed the jury on felonious child abuse based on a theory supported by a different subsection of N.C.G.S. § 14-318.4. *See Williams,* 318 N.C. 624, 350 S.E.2d 353. Rather, the trial court instructed the jury on the essential elements of felonious child abuse under N.C. Gen. Stat. § 14-318.4(a2) and tailored the instruction to the evidence presented at trial.

We find our Court's decision in *State v. Bollinger,* 192 N.C. App. 241, 665 S.E.2d 136 (2008), *aff'd per curiam,* 363 N.C. 251, —— S.E.2d —— (2009), most applicable to the case before us. In *Bollinger,* the defendant was charged with carrying a concealed weapon. *Bollinger* at 243, 665 S.E.2d at 138. The indictment alleged that the defendant was carrying a "[m]etallic set of knuckles." *Id.* The evidence at trial showed that in addition to a metallic set of knuckles, the defendant was also carrying one or more knives. *Id.* at 243, 665 S.E.2d at 138. The trial court instructed the jury that it could find the defendant guilty of carrying a concealed weapon if it found the defendant carried one or more knives. *Id.* at 243, 665 S.E.2d at 138. The trial court did not instruct the jury on the defendant's carrying a metallic set of knuckles. *Id.* at 243, 665 S.E.2d at 138. Our Court distinguished a first-degree burglary charge, which requires the State to allege the particular felony the defendant intended to commit, and stated "specific allegations are not required to support a conviction for carrying a concealed weapon." *Id.* at 243-44, 665 S.E.2d at 139. Our Court held that the additional language in the indictment describing the particular weapon was "mere surplusage" and therefore the trial court's instructions on carrying a concealed weapon were not erroneous. *Id.* at 243-44, 665 S.E.2d at 139-40.

Similar to *Bollinger,* the State in the present case was not required to allege the particular sexual act Defendant committed in order to support a felonious child abuse charge. Therefore, the language in Defendant's indictment alleging he engaged in "anal intercourse" was mere surplusage. In addition, in the present case the trial court did not substitute a different theory for the one alleged in the indictment. Rather, the trial court instructed on the theory alleged in the indictment in addition to a second theory supported by the evidence. Therefore, we find the trial court's instructions on felonious child abuse were not erroneous. Defendant's assignments of error numbers two and three are overruled.

IV.

[4] Defendant argues in his assignment of error number thirteen, that the trial court committed plain error in failing to instruct the jury that Isler's opinion evidence could only be considered for corroborative purposes.

Isler testified that J.A.S. suffered from "sexualized trauma" and had been "diagnosed with post[-]traumatic stress disorder . . . as a result of sexualized trauma." During the charge conference, Defendant did not request a limiting instruction for Isler's expert opinion testimony. The trial court did not give a limiting instruction to the jury.

"[E]vidence that a prosecuting witness is suffering from post-traumatic stress syndrome should not be admitted for the substantive purpose of proving that a rape has in fact occurred." *State v. Hall*, 330 N.C. 808, 821, 412 S.E.2d 883, 890 (1992). However, "it may be admitted for certain corroborative purposes." *Id.* If evidence of post-traumatic stress disorder is admitted, the trial court "should take pains to explain to the jurors the limited uses for which the evidence is admitted." *Id.* at 822, 412 S.E.2d at 891. Nonetheless, "an instruction limiting admissibility of testimony to corroboration is not required unless counsel specifically requests such instruction." *State v. Quarg*, 334 N.C. 92, 101, 431 S.E.2d 1, 5 (1993).

In the present case, Defendant did not request a limiting instruction regarding Isler's opinion testimony. Further, Defendant cross-examined Isler and clarified that Isler's opinion was based on J.A.S.'s allegations and was not based on Isler's own independent observations. Therefore, we find the trial court did not commit plain error by failing to give a limiting instruction regarding Isler's testimony. Defendant's assignment of error number thirteen is overruled.

V.

[5] In Defendant's assignment of error number seven, he argues and the State concedes, that Defendant's judgments and commitments do not comport with the trial court's oral pronouncements.

The trial court announced the following at Defendant's sentencing proceeding:

As required by law, the Court does find that the designated offenses are reportable convictions within G.S. 14-208.6, and [] Defendant is directed to register as a sex offender as required by

law. The Court finds that he is not, does not fall in the classification statutorily of a sexually violent predator or any of the other aggravated factors, that registration should occur under level two, part two for registration.

Defendant's two judgment and commitment forms, case numbers 05 CRS 52822 and 06 CRS 50107, both contain a box for the trial court to check, stating: "10. finds the above designated offense(s) is a reportable conviction involving a minor. G.S. 14-208.6." Despite the trial court's oral sentencing pronouncement indicating that the offenses for which Defendant was convicted were reportable under N.C.G.S. § 14-208.6, neither the judgment nor commitment forms have box ten marked. Moreover, in direct contradiction to the oral sentencing pronouncement, the form in case number 06 CRS 50107 has the following box marked: "9. finds this is an aggravated offense. G.S. 14-208.6."

"When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.' " *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citations omitted). A clerical error is " '[a]n error resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination.' " *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (quoting but not necessarily adopting Black's Law Dictionary 563 (7th ed. 1999)).

In the present case, it appears that the trial court inadvertently failed to mark the appropriate box, i.e., box number ten, on the judgment form in case number 05 CRS 52822, and marked the wrong box on the judgment form in case number 06 CRS 50107. These errors were clerical in nature. *See State v. Gell*, 351 N.C. 192, 218, 524 S.E.2d 332, 349 (2000) (finding the inadvertent checking of a box finding an aggravating factor on a judgment form to be a clerical error), *cert. denied*, 531 U.S. 867, 148 L. Ed. 2d 110 (2000). Accordingly, we remand the present case to the trial court for the limited purpose of correcting the clerical errors in the judgment and commitment forms.

Defendant did not argue his remaining assignments of error and therefore they are abandoned pursuant to N.C.R. App. P. 28(b)(6).

No error; remanded for correction of clerical errors.

Judges HUNTER, Robert C. and BEASLEY concur.