An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1211
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

|  |  |
|---|---|
| v. | Wilkes County |
|  | Nos. 05 CRS 52751-62, 52764-76, |
| ROBERT SAMUEL BALLARD | 06 CRS 50104-08, 50116-28, |
|  | 06 CRS 50479 |

On writ of certiorari from judgments entered 16 April 2012 by Judge L. Todd Burke in Wilkes County Superior Court. Heard in the Court of Appeals 26 May 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Andrew O. Furuseth, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Mary Cook, for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant Robert Samuel Ballard pled no contest on 22 September 2006 to twenty-five counts of obtaining property by false pretenses, twenty-two counts of obtaining possession of a controlled substance by fraud or forgery, two counts of trafficking in opium, felony conspiracy to traffic in opium, and simple possession of a controlled substance. The court

consolidated the trafficking and conspiracy counts into a single judgment and imposed an active term of 27 to 33 months imprisonment. The court also entered fifteen additional judgments, imposing consecutive terms of 15 to 18 months each. The court suspended these sentences and placed defendant on supervised probation for 42 months.

On 22 June 2011, 27 June 2011, and 1 July 2011, defendant's probation officer filed violation reports. The court conducted a hearing on 16 April 2012. The court concluded defendant had willfully violated the conditions of his probation and activated the sentences. On 9 April 2013, this Court allowed defendant's petition for writ of certiorari seeking review of the 16 April 2012 judgments.

Defendant's appointed counsel filed a brief on defendant's behalf in which she states she has reviewed the record and relevant cases and statutes and is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal. In accordance with *Anders v. California*, 386 U.S. 738, 18 L. E. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), counsel has asked this Court to review the record on appeal for possible prejudicial error or any meritorious issue counsel may have overlooked. Counsel

wrote a letter to defendant advising him of her inability to find error and of his right to file his own arguments directly with this Court, which defendant has done. Counsel also listed two possible issues to assist this Court in conducting its review.

## Discussion

As the first possible issue, counsel notes the judgments contain a finding that defendant had violated the terms and conditions of probation as charged in the 1 July 2011 violation report when no evidence of any such violation was presented at the hearing. Counsel observes that the reference to the 1 July 2011 violation report is possibly a clerical error, one "resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination." *See State v. Lark*, 198 N.C. App. 82, 95, 678 S.E.2d 693, 702 (2009) (citation and quotation marks omitted), *disc. review denied*, 363 N.C. 808, 692 S.E.2d 111 (2010).

We conclude that the error is clerical. It is clear from the transcript that the judgments mistakenly reference the 1 July 2011 violation reports instead of the 22 June 2011 violation reports. The transcript shows that the court stated

before it received any evidence that it would consider only the charges in the first violation reports, namely, that defendant failed to pay money as mandated, left the state to go to Florida numerous times, and missed office visits. The court thereafter only received evidence with regard to the violations alleged in the 22 June 2011 reports, and stated in open court that it found defendant willfully committed the alleged violations.

> It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth. It has the power to amend its records, correct the mistakes of its clerk or other officers of the court, or to supply defects or omissions in the record, and no lapse of time will debar the court of the power to discharge this duty.

*State v. Cannon,* 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956). We accordingly remand this case to the Wilkes County Superior Court to correct the judgments to reflect the appropriate violation report.

As the second possible issue, counsel submits that the court abused its discretion when it revoked defendant's probation. Counsel acknowledges that the court may revoke probation if it finds the defendant violated a condition of probation willfully or without lawful excuse. *See State v. Tozzi,* 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). A

court abuses its discretion only when its ruling is "so arbitrary that it could not have been the result of a reasoned decision." *State v. Thompson*, 314 N.C. 618, 626, 336 S.E.2d 78, 82 (1985). In view of the undisputed evidence that defendant repeatedly violated the conditions of his probation, we find no abuse of discretion.

Defendant makes nine contentions, only two of which concern the probation revocation proceeding or judgments, in his written arguments submitted to this Court. The seven contentions which are unrelated to the probation revocation proceeding or the 16 April 2012 judgments are not properly before us and will not be considered.

As for the arguments which relate to the probation revocation proceeding, defendant argues: (1) the Justice Reinvestment Act was in effect at the time of the probation revocation proceeding and could have affected the outcome of the proceeding; and (2) he was denied effective assistance of counsel at the probation revocation hearing. We conclude both arguments lack merit.

The fatal flaw of defendant's first argument is that the provisions of the Justice Reinvestment Act which limit the reasons for revoking probation became effective only with regard

to violations occurring on or after 1 December 2011. *See State v. Nolen*, ____ N.C. App. ____, ____, 743 S.E.2d 729, 730 (2013). The violations in this case occurred prior to that date.

With regard to the second argument, to establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient by making errors so serious that counsel was not performing as the counsel guaranteed by the Sixth Amendment, and (2) he was prejudiced by counsel's deficient performance. *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985). Defendant submits that counsel's performance was deficient because he failed to bring defendant's file to the hearing and failed to advise defendant of his right to appeal the revocation of probation.

Our review of the transcript reveals that defendant's claim lacks merit. Counsel conducted extensive and thorough cross examination of defendant's probation officer. Counsel also argued fervently against revocation of defendant's probation. Defendant has not suggested what more counsel could have done to cause a different outcome or argued that a different outcome would have occurred had his trial counsel acted differently. While counsel may have erred by failing to advise defendant of his right to appeal, this error has been rectified by the

issuance of the writ of certiorari to permit review of the judgments revoking probation.

## Conclusion

Except for the clerical error in the judgments, we find no error.  We remand for correction of the judgments.


AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENTS.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).