MURPHY, Judge.
 

 *21
 
 Ryan
 
 [1]
 
 , appeals from a 2 November 2016 order
 
 [2]
 
 committing him to a youth development center for a minimum of six months up to his eighteenth birthday. On appeal, he contends that the trial court had already filed a written dispositional order on 17 October 2016 continuing him on probation, and therefore
 
 *135
 
 the trial court lacked subject matter jurisdiction to enter a second dispositional order on the probation violations when it had already entered a disposition order and no new motion for review was pending. We agree.
 
 *22
 

 Background
 

 In an Order entered 20 January 2016, Ryan was adjudicated delinquent upon pleading guilty to various charges of breaking and/or entering, common law robbery, felony larceny, breaking and/or entering [a] motor vehicle, and intimidating a witness. The order placed Ryan under probation for a period of twelve months.
 

 On 1 August 2016, juvenile court counselor Damain Terry filed two Probation Violation-Motion[s] for Review in Hoke County District Court alleging that Ryan violated the terms and conditions of the probation imposed on him on 16 December 2015 in that:
 

 1. [Ryan] left the home without parents' permission on the 17th day of July 2016 and not returning back [sic] to the home.
 

 2. [Ryan] failed to comply with curfew by leaving the home on the 17th day of July 2016 and not returning home.
 

 3. [Ryan] left the home without parents' permission on the 7th day of July 2016 and returning back [sic] to the home until the 8th day of July 2016.
 

 4. [Ryan] failed to comply with curfew by leaving the home on the 7th day of July 2016 and not returning home until the 8th day of July 2016.
 

 Ryan admitted to these violations on 12 September 2016. A dispositional hearing was conducted on 17 October 2016, and Judge Joe orally announced that she was ordering the active commitment of Ryan to a Youth Development Center ("YDC"). Later that day, the written disposition order was entered referencing the 12 September 2016 hearing date. This order continued Ryan on probation, and was signed by Judge Joe. No further probation violation motions were pending at the time. However, on 2 November 2016, Judge Joe entered a purported disposition order on the probation violations, committing Ryan to a YDC.
 

 Ryan's trial attorney filed a notice of appeal on 31 October 2016, and an amended notice of appeal on 4 November 2016. Ryan's appellate counsel filed a petition for writ of certiorari due to defects in the notices of appeal, which we granted on 5 October 2017.
 

 Analysis
 

 I. Subject Matter Jurisdiction
 

 On appeal, Ryan argues that the trial court lacked subject matter jurisdiction to enter a second written dispositional order committing
 
 *23
 
 him to a YDC when it had already filed a written dispositional order continuing him on probation. An issue of subject matter jurisdiction presents a question of law subject to de novo review on appeal.
 
 McKoy v. McKoy
 
 ,
 
 202 N.C. App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010).
 

 The trial court's written disposition order filed 17 October 2016 controls over its earlier oral judgment committing Ryan to the YDC. Any conflict between the announcement of judgment in open court and the written order is resolved in favor of the written order.
 
 State v. Buchanan
 
 ,
 
 108 N.C. App. 338
 
 , 340,
 
 423 S.E.2d 819
 
 , 821 (1992).
 

 Furthermore, because there were no motions for review filed, notice, or hearings conducted after the 17 October 2016 disposition order, the trial court lacked subject matter jurisdiction to create a new disposition order committing Ryan to YDC. N.C.G.S. § 7B-2510(d) (2015).
 
 See also
 

 State v. Gorman
 
 ,
 
 221 N.C. App. 330
 
 , 333,
 
 727 S.E.2d 731
 
 , 733 (2012) ("Where jurisdiction is statutory and the Legislature requires the [c]ourt to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the [c]ourt to certain limitations, an act of the [c]ourt beyond these limits is in excess of its jurisdiction. If the [c]ourt was without authority, its judgment [...] is void and of no effect." (Citations and quotations omitted)).
 

 N.C.G.S. § 7B-2510(d) has three requirements before a trial court may "review the progress of any juvenile on probation": (1) a motion by the court counselor, the juvenile, or the court; (2) notice; and (3) a hearing. N.C.G.S. § 7B-2510(d) (2015). None of these requirements were met after the 17 October
 
 *136
 
 2016 order, and the trial court had no authority under our statutes or caselaw to enter a new dispositional order.
 

 II. Clerical Error
 

 A clerical error is "[a]n error resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination."
 
 State v. Lark
 
 ,
 
 198 N.C. App. 82
 
 , 95,
 
 678 S.E.2d 693
 
 , 702 (2009) (citations and quotations omitted) (alterations in original). When a clerical error is found, the case may be remanded, "to the trial court for the limited purpose of correcting the clerical errors in the judgment and commitment forms."
 
 Id
 
 . at 95,
 
 678 S.E.2d at 703
 
 .
 

 The 17 October 2016 Order for Motion for Review (Probation Violation) states that Ryan's actions violated the prior dispositional order entered on 16 September 2015. The probation order was not entered until 20 January 2015. This order is thus remanded to the trial court for correction.
 

 *24
 

 Conclusion
 

 The trial court lacked subject matter jurisdiction to enter a subsequent order on 2 November 2016. The 17 October 2016 order is controlling, and the 2 November 2016 order is vacated. Additionally, the 17 October 2016 Order is remanded for correction of a clerical error.
 

 VACATED AND REMANDED.
 

 Judges CALABRIA and ZACHARY concur.
 

 [1]
 

 A pseudonym is used to protect the identity of the juvenile.
 

 [2]
 

 Ryan also appeals a clerical error in the 17 October 2016 order, which we address below.