IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-534

No. COA20-750

Filed 5 October 2021

Nash County, No. 18CRS052175

STATE OF NORTH CAROLINA

v.

TERRY LEE THORNE

Appeal by Defendant from judgment entered 27 January 2020 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 10 August 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Kyle Peterson, for the State-Appellee.*

*Gilda C. Rodriguez for Defendant-Appellant.*

COLLINS, Judge.

¶ 1      Defendant Terry Lee Thorne appeals a judgment revoking his probation and activating his suspended sentence. Defendant argues that the trial court violated his right to confrontation at the probation violation hearing, erred by revoking his probation based on a finding of absconding, and erred by revoking his probation based on a non-revocable violation. We affirm the trial court's order. However, we remand to the trial court to correct a clerical error in the judgment indicating that each of

Defendant's violations were independently sufficient to support the revocation of Defendant's probation.

## I.  Background

On 7 July 2019, Defendant entered an *Alford* plea[1] to one count of conspiracy to obtain property by false pretenses.  The trial court sentenced Defendant to 10 to 21 months in prison, suspended this sentence, and placed Defendant on 36 months of supervised probation.

On 16 August 2019, Officer Eric Phillips, then Defendant's probation officer, filed a Violation Report ("Report").  In the Report, Phillips attested under oath that

> [D]efendant has willfully violated . . . [the] Condition of Probation [to] "Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it . . ." in that on August 05, 2019, during a[] routine office visit, the offender admitted to using marijuana and cocaine and signed the DCC-26 form.  When attempting to gain a sample, the offender advised that he could not use the restroom.  PO asked him to have a seat in the lob[b]y until he could produce a sample.  The defendant left the office building without giving a sample.  (original capitalization omitted).

---

[1] An *Alford* plea is a guilty plea in which the defendant does not admit to any criminal act, but admits that there is sufficient evidence to convince the judge or jury of the defendant's guilt.  *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *State v. Baskins*, 260 N.C. App. 589, 592 n.1, 818 S.E.2d 381, 387 n.1 (2018).

¶ 4        On 27 August 2019, Phillips filed an addendum to the Report ("Addendum") in

which he attested under oath that

> [D]efendant has willfully violated . . . [the] Regular
> Condition of Probation: General Statute 15A-1343 (b) (3a)
> "Not to abscond, by willfully avoiding supervision or by
> willfully making the supervisee's whereabouts unknown to
> the supervising probation officer" in that, on August 5,
> 2019 the defendant left the office after probation requested
> a drug screen knowing that he would test positive for the
> use of marijuana and admitting the same. To date he has
> failed [to] make any contact with the probation department
> or his officer and has made his whereabouts unknown to
> his supervising officer or the probation department,
> therefore statutory [sic] absconding supervision. (original
> capitalization omitted).

¶ 5        The trial court held a probation violation hearing on 27 January 2020.

Defendant admitted that "during a routine office visit, [he had] admitted to using

marijuana and cocaine on August 5th, 2019, and that when he was asked to provide

a sample, [he] left the probation office and failed to provide a sample." Defendant

denied the allegation that he absconded.

¶ 6        Jeremy Locus, an employee of Adult Probation and Parole, testified for the

State. Locus was not Defendant's supervising parole officer. Neither Phillips nor

Defendant's supervising officer at the time of the hearing appeared or testified. When

Locus testified that he did not personally have any information about the case,

Defendant objected to further testimony on the grounds that Locus was "going to read

from a file . . . from somebody," was "not even involved in the case," and did not "know

any details about the matter[.]" The trial court overruled the objection and permitted Locus to testify to the contents of Phillips' notes.

¶ 7        According to Phillips' notes, on 5 August 2019, "[D]efendant was asked to provide a drug sample after admitting that he would be positive for marijuana and cocaine"; Defendant indicated he could not use the bathroom; and after Phillips asked Defendant to wait until he could provide a sample, Defendant left the building and did not return. On Sunday, 18 August 2019, Phillips went to Defendant's last known address to locate Defendant, but Defendant was not there. Phillips left a message with Defendant's relatives asking Defendant to report to the probation office by the next Wednesday morning, 21 August. Phillips returned to Defendant's last known address on 20 August but was again unable to locate Defendant. Defendant never reported to the office.

¶ 8        Defendant also testified. He acknowledged that he had used marijuana and cocaine and had admitted to doing so when he met Phillips on 5 August. Defendant testified, however, that Phillips told him he could leave when he was still unable to produce a sample after ten to fifteen minutes of waiting in the office. Defendant further testified that when Phillips went to his house, Defendant was either working or with his nephew, and he had unsuccessfully attempted to set up an appointment with Phillips. Defendant acknowledged that he never returned to the probation office

but explained that Phillips had told Defendant that he would call and arrange an appointment for Defendant to come by.

¶ 9    Following the hearing, the trial court entered a Judgment and Commitment Upon Revocation of Probation. The trial court found that Defendant had violated his conditions of probation as alleged in the Report and Addendum, revoked Defendant's probation, and activated his suspended sentence. Defendant filed a notice of appeal on 5 February 2020.

## II.    Appellate Jurisdiction

¶ 10    We must first address whether Defendant's appeal is properly before this Court. A written notice of appeal in a criminal proceeding must be filed with "the clerk of superior court and serv[ed] . . . upon all adverse parties within fourteen days after entry of the judgment or order[.]" N.C. R. App. P. 4(a)(2). The notice "shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken; and shall be signed by counsel of record for the party or parties taking the appeal, or by any such party not represented by counsel of record." N.C. R. App. P. 4(b). Compliance with these requirements for giving notice of appeal is jurisdictional. *State v. Oates*, 366 N.C. 264, 266, 732 S.E.2d 571, 573 (2012).

¶ 11    While Defendant's *pro se* notice is signed and specifies that he is the party taking appeal, it does not clearly "designate the judgment or order from which appeal

is taken and the court to which appeal is taken." N.C. R. App. P. 4(b). Instead, Defendant's notice states only, "I would like to appeal my probation violation that was heard on January 27th, 2020." Additionally, Defendant failed to properly serve his notice of appeal on the State.

¶ 12 Recognizing these defects in the notice of appeal, Defendant has filed a petition for a writ of certiorari seeking this Court's review of the 27 January 2020 judgment. This Court may issue a writ of certiorari "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we grant Defendant's petition and review the merits of his appeal.

### III. Discussion

**A. Confrontation Right**

¶ 13 Defendant first argues that the trial court violated his right under N.C. Gen. Stat. § 15A-1345(e) to confront Phillips by permitting Locus to testify over Defendant's objection. Defendant has failed to preserve this issue for appellate review.

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

N.C. R. App. P. 10(a)(1).   At a probation violation hearing, a probationer "may confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation." N.C. Gen. Stat. § 15A-1345(e) (2019).

¶ 14        In the present case, the following exchange took place at the hearing:

> [Prosecutor:] And do you supervise the defendant, Terry Thorne?
>
> [Locus:] No, I do not.  This case belongs to Officer Patterson right now, but at the time of this violation, it belonged to Officer Eric Phillips.
>
> [Prosecutor:] And is he no longer with Adult Probation and Parole?
>
> [Locus:] That's correct.
>
> [Prosecutor:] Okay. Now, do you have any information about this case?
>
> [Locus:] I do not.
>
>> [Defense Counsel:] I mean, he's going to read from a file, Judge, from somebody.  He's not even involved in the case; doesn't know any details about the matter, Judge, and I would object.
>
> [The Court:] Overruled.

¶ 15        Defendant did not state that the legal basis for his objection was his statutory confrontation right, nor was that ground apparent from context.  Defendant did not request to cross examine Phillips, did not request Phillips' presence at the hearing, and did not request Phillips be subpoenaed and required to testify.  At most, it could be inferred that Defendant objected to Locus testifying because Locus did not have

personal knowledge of the underlying events,[2] and because Locus's reading from Officer Phillips' case notes constituted inadmissible hearsay.[3]

¶ 16    Defendant argues that, notwithstanding his failure to object, the issue of the confrontation right under section 15A-1345(e) is preserved because the trial court acted contrary to a statutory mandate. We disagree.

¶ 17    It is true that "[w]hen a trial court acts contrary to a statutory mandate, the defendant's right to appeal is preserved despite the defendant's failure to object during trial." *State v. Lawrence*, 352 N.C. 1, 13, 530 S.E.2d 807, 815 (2000). Here, however, the trial court did not act contrary to a statutory mandate because Defendant's objection was insufficient to trigger the trial court's obligation under section 15A-1345(e) to either permit cross-examination of Phillips or find good cause for disallowing confrontation. Under these circumstances, Defendant has failed to preserve for appellate review the issue of his right to confrontation under section 15A-1345(e).

---

[2] *See* N.C. Gen. Stat. § 8C-1, Rule 602 (2020) ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter.").

[3] *See* N.C. Gen. Stat. § 8C-1, Rule 801(c) (2020) ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); N.C. Gen. Stat. § 8C-1, Rule 802 (2020) ("Hearsay is not admissible except as provided by statute or by these rules.").

**B. Absconding**

¶ 18      Defendant next argues that the trial court erred by revoking his probation based on a finding of absconding because the behavior alleged in the Report and Addendum, and the evidence presented at the hearing, did not show absconding.

¶ 19      As a regular condition of probation, a defendant placed on supervised probation must "[n]ot abscond by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer[.]" N.C. Gen. Stat. § 15A-1343(b)(3a) (2019). A trial court may revoke probation where a defendant absconds. N.C. Gen. Stat. § 15A-1344(a) (2019).

> An alleged violation by a defendant of a condition upon which his sentence is suspended need not be proven beyond a reasonable doubt. All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion.

*State v. Tennant*, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (quotation marks and citations omitted).

¶ 20      The Report, the Addendum, and Locus' testimony at the hearing tended to show that Defendant left the probation office on 5 August without authorization and then failed to appear or otherwise contact his probation officer or the probation office

for at least 22 days. Phillips went twice to Defendant's last known address to locate Defendant, but Defendant was not there, and Defendant did not report to the probation office after Phillips left a message with Defendant's relatives asking him to do so.

¶ 21    Relying on *State v. Williams*, 243 N.C. App. 198, 776 S.E.2d 741 (2015), Defendant contends that the State's evidence only showed that he violated the condition that a probationer "permit the [probation] officer to visit him at reasonable times," N.C. Gen. Stat. § 15A-1343(b)(3), which by itself cannot justify revocation, N.C. Gen. Stat. § 15A-1344(a). Defendant's reliance is misplaced. In *Williams*, the probation officer was able to speak with the defendant by phone on several occasions, and ultimately learned his location, though the defendant had failed to inform the officer of his address, missed appointments with the officer, and was travelling out of state without permission. *Williams*, 243 N.C. App. at 198-99, 776 S.E.2d at 742. We agreed with defendant that these facts did not amount to absconding under section 15A-1343(b)(3a) and held that the State may not "convert violations" of requirements for which probation is not revocable "into a violation of [section] 15A-1343(b)(3a)." *Id.* at 205, 776 S.E.2d at 745-46. Here, the State presented evidence that Phillips was twice unable to locate Defendant at his last known address; Defendant failed to report to Phillips despite a message left with his family requesting that he do so; and unlike

in *Williams*, Defendant otherwise failed to contact or make his whereabouts known to Phillips for a 22-day period.

Defendant also emphasizes portions of his testimony that contradict the State's evidence. But because the trial court sat as the finder of fact in the probation revocation hearing, N.C. Gen. Stat. § 15A-1345(e), it had discretion to determine the weight and credibility of the evidence, *Sellers v. Morton*, 191 N.C. App. 75, 79, 661 S.E.2d 915, 920 (2008). In these circumstances, the trial court did not abuse its discretion in revoking Defendant's probation on the basis that Defendant had absconded, in violation of N.C. Gen. Stat. § 15A-1343(b)(3a). We affirm the portion of the trial court's judgment revoking Defendant's probation and activating his sentence.

## C. Clerical Error

Defendant lastly argues that the trial court erred by revoking his probation for the commission of a criminal offense based on his use of illegal drugs because the Report alleged only that this was a non-revocable violation of probation.

The Report alleged only that Defendant had violated the condition to "[n]ot use, possess or control any illegal drug or controlled substance[,]" not that he had committed a new criminal offense. The Addendum alleged only that Defendant had absconded. The trial court found that Defendant violated his conditions of probation as alleged in both the Report and Addendum. Although only the Addendum alleged

a revocable violation, *see* N.C. Gen. Stat. § 15A-1344(a), the trial court checked the box on the form judgment indicating that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence."

¶ 25      The State contends that this was a clerical error and not grounds for reversal. "A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Lark*, 198 N.C. App. 82, 95, 678 S.E.2d 693, 702 (2009) (quotation marks, brackets, and citations omitted). Because the checked box on the form judgment indicating that both violations found by the trial court independently justified revocation is unsupported by the record, contradicted by the plain language of section 15A-1344(a), and appears to be a clerical error, we remand to the trial court for correction. *See State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." (quotation marks omitted)).

## IV.      Conclusion

¶ 26      Defendant failed to preserve the issue of the right to confront his former probation officer at the violation hearing. The trial court did not abuse its discretion by revoking Defendant's probation for absconding but did commit a clerical error by

checking the box indicating that each violation found by the trial court independently

justified revocation. Accordingly, we affirm the trial court's revocation of probation,

but remand for correction of the clerical error.

AFFIRMED; REMANDED WITH INSTRUCTIONS.

Judges DIETZ and GORE concur.